L. D. GIBSON *v.* CITY OF TRUMANN, Arkansas and
Mayor David Gossett

92-474                                              845 S.W.2d 515

Supreme Court of Arkansas
Opinion delivered January 25, 1993

*L.D. Gibson*, pro se.

*John Bartlett*, for appellees.

ROBERT H. DUDLEY, Justice. Trumann is a city of the first class that has the mayor-council form of government. The council is composed of ten aldermen. In 1992, five of the aldermen voted in favor of an appropriation ordinance for the city's fiscal year, and five voted against it. The mayor broke the tie by casting his vote in favor of the ordinance and declared that the ordinance was adopted. Appellant, L.D. Gibson, filed this suit for declaratory judgment and sought to have the mayor's vote declared void, the ordinance declared invalid, and an injunction against any expenditures pursuant to the ordinance. The chancellor ruled that the mayor's vote was authorized by statute and that the ordinance was therefore validly adopted. We affirm the ruling.

Act 1 of 1875 was a comprehensive act providing for the establishment of municipal governments within this State. Sec-

tion 51 of Act 1, in the material part, provided: "The Mayor shall be *ex-officio* President of the Council and shall preside at its meetings during the term for which he shall have been elected, and in case of a tie he shall have the casting vote." In 1981, the General Assembly passed an act which provides for a mayor's vote at times other than a tie. In the material part it provides that the mayor "shall have a vote when the Mayor's vote is needed to pass any ordinance, by-law, resolution, order or motion." Ark. Code Ann. § 14-43-501 (b)(1)(B) (1987).

In order to pass any type of ordinance, a majority of the "whole number of members elected to the council" is required. Ark. Code Ann. § 14-55-203 (1987). The parties agree this language would include the mayor since he is an *ex officio* member of the council. However, in order to pass an ordinance for the appropriation of money "the concurrence of a *majority of the aldermen* of any municipal corporation" is required. Ark. Code Ann. § 15-55-204 (1987) (emphasis added). The appellant seizes upon the difference in the language of the two statutes and contends that since the mayor is not an *alderman*, he cannot vote on appropriation ordinances and that the General Assembly, by the 1981 amendment, did not intend to give the mayor a vote as an *alderman* on appropriation ordinances.

■ The primary goal in the interpretation of statutes is to determine and then give effect to the intent of the General Assembly. *Sanders* v. *State*, 310 Ark. 630, 839 S.W.2d 518 (1992). In interpreting statutes we give words their usual and ordinary meaning. *Bob Cole Bail Bonds, Inc.* v. *Howard*, 307 Ark. 242, 819 S.W.2d 684 (1991). Under the 1875 act the mayor was limited to voting "in case of a tie." The 1981 act, codified as Ark. Code Ann. § 14-43-501 (b)(1)(B) (1987), expanded the occasions on which the mayor can vote to "*when the Mayor's vote is needed*" to pass "*any*" type of ordinance. (Emphasis added.) By giving the words of the 1981 act their usual and ordinary meaning, it becomes obvious that the General Assembly intended for the 1981 act, Ark. Code Ann. § 14-43-501 (b)(1)(B) (1987), to amend section 51 of Act 1 of 1875 to allow the mayor to vote whenever his vote is needed to pass any type of ordinance. Section 1 of the 1981 act expressly provides that it amends "Arkansas Statute 19-1910 (4th to 7th sentences in part of Section 51 of Act 1 of 1875)," and section 2 of the same act repeals "all laws and

parts of laws in conflict with this Act." It is without question that the General Assembly had the authority to amend its earlier act and to repeal any laws in conflict with the new act.

The appellant argues that even though the 1981 act, Ark. Code Ann. § 14-43-501, amends Section 51 of Act 1 of 1875, it does not expressly repeal Ark. Code Ann. § 15-55-204 (1987), which requires a "majority of the aldermen" to pass an appropriation ordinance. Again, we must give the words their ordinarily and usually accepted meaning. The 1981 act allows the mayor to vote whenever his vote is needed to pass any type of ordinance. The words "when the Mayor's vote is needed" are not limited and would apply any time the mayor's vote is needed, and likewise, the words "any ordinance" are not limited and would apply to any type of ordinance, including an appropriations ordinance. We have no hesitancy in holding that the 1981 act repealed that part of the 1875 act that required a majority of the "aldermen."

The appellant contends that the foregoing construction of the 1981 act is inconsistent with our case of *Thompson* v. *Younts*, 282 Ark. 524, 669 S.W.2d 471 (1984). In that case we were not deciding whether a 1981 statute could amend a section of an 1875 statute. Rather, we were construing the language of Amendment 7 to the Constitution of Arkansas. The amendment provides in part: "No measure approved by a vote of the people shall be amended or repealed . . . by any City Council, except upon a yea and nay vote on roll call of two-thirds of all the *members elected to . . . the City Council.*" (Emphasis added.)

In *Younts* we construed the amendment to mean just what it says, a vote of two-thirds of all the members elected to the city council is necessary to amend a measure approved by a vote of the people. In this case we are not construing that amendment or that language, but rather whether the 1981 statute was intended to amend a section of the 1875 statute and to repeal by implication another part.

In sum, the 1875 act provided, "in case of a tie he shall have the casting vote." The 1981 amendment provides the mayor "shall have a vote when the Mayor's vote is needed to pass any ordinance." The chancellor correctly ruled that the mayor could break the five-to-five tie vote to pass the appropriation ordinance.

Affirmed.