The Honorable Pat Flanagin State Representative 935 North Washington Forrest City, Arkansas 72335
Dear Representative Flanagin:
This letter is a response to your request for an opinion regarding the number of votes necessary to fill a vacancy on the city council of a city of the first class. You have indicated that the City of Brinkley has a city council consisting of six members, elected from three wards. One of those six positions is vacant. You have presented the following specific question:
 What is the majority needed to fill a vacancy on the city council of a city of the first class in Arkansas?
Your correspondence indicates that your primary concern is whether the majority required by A.C.A. § 14-43-411 is a majority of all six positions, or a majority of the positions not counting vacant positions. I have previously opined that the majority needed to fill such a vacancy is a number based upon the entire membership of the council, including vacant positions. See Attorney General Opinion No. 90-166. I continue to hold that position.
As you have noted, this issue is most directly governed by A.C.A. § 14-43-411. It states:
 Whenever a vacancy shall occur, for any reason, in the office of alderman in any city of the first class, at any regular meeting after the occurrence of the vacancy, the city council shall proceed to elect by a majority vote of all members elected to the council an alderman to serve for the unexpired term.
A.C.A. § 14-43-411(a)(1) (emphasis added). Giving this language its ordinary and usually accepted meaning, as required by the Arkansas Supreme Court's rules of statutory interpretation, see Gibson v. City ofTruman, 311 Ark. 561, 845 S.W.2d 515 (1993), it must be concluded that "all members elected to the council" includes the member (or the position of the member) who was elected but whose position is now vacant.
This conclusion, in turn, implicates A.C.A. § 14-43-501, which states, in pertinent part:
 The mayor shall be ex officio president of the council and shall preside at its meetings.
 The mayor shall have a vote when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion.
A.C.A. §§ 14-43-501((b)(1)(A) and (B). The Arkansas Supreme Court held inGibson, supra, that the above-quoted language of A.C.A. § 14-43-501 must be interpreted to mean that the mayor's vote can be counted toward constituting the required majority.[1]
I therefore conclude that the Brinkley City Council must fill its vacancy by a majority consisting of at least four votes, that a quorum must be present, and that the mayor's presence and vote can be counted toward constituting the required quorum and majority.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] It should be noted that a quorum must, as always, be present. Under A.C.A. § 14-43-501(a)(2)(A), a "majority of the whole number of aldermen" is necessary to constitute a quorum in city councils of cities of the first class. I have previously opined that the presence of the mayor in cities of the second class (which are governed by laws that are similar to, but separate from those governing cities of the first class) cannot be counted toward constituting the necessary quorum (see Attorney General Opinion No. 91-002). However, subsequent to my rendering of that opinion, the Arkansas Supreme Court decided Gibson, supra, which applies to cities of the first class. The Court's decision in Gibson indicates that the mayor's presence can be counted toward constituting the quorum in cities of the first class.