The Honorable Evelyn Ammons State Representative P.O. Box 1005 Waldron, Arkansas 72958
Dear Representative Ammons:
This letter is a response to your request for an opinion regarding Act 191 of 1993. You have indicated that the City of Mansfield provided training, including radar certification training, for a law enforcement officer who was later employed by the City of Greenwood during the time frame governed by Act 191 of 1993. The City of Greenwood was unwilling to reimburse the City of Mansfield for the expense of the officer's radar training. On behalf of Mr. Arlis Spearman, Chief of Police in Mansfield, you have presented the following specific question:
 Does Act 191 of 1993 entitle the City of Mansfield to be reimbursed for the expense incurred in providing a law enforcement officer with the training that is necessary to obtain radar certification, which is required?
 Act 191 of 1993, which is codified at A.C.A. § 12-9-209, states in pertinent part:
 (a)(1) If any county, city, or town pays the cost or expenses for training a law enforcement officer at the Law Enforcement Training Academy and another county, city, or town, or an agency of the State of Arkansas employs that officer within eighteen (18) months after completion of the training in a position requiring a certificate of training from the Law Enforcement Training Academy, the state agency, county, city, or town so employing the officer, at the time of employing the officer, shall reimburse the county, city, or town for all or a portion of the expenses incurred by the county, city, or town for the training of the law enforcement officer at the academy. . . .
* * *
 (3) Reimbursement shall include any salary, travel expenses, food, lodging, or other costs required to be paid by the county, city, or town. . . .
A.C.A. § 12-9-209(a)(1) and (3).
It is my opinion that the city of Mansfield is entitled to be reimbursed for the radar certification training expense if that training was provided by the Law Enforcement Training Academy, and if the officer in question was hired to a position in the City of Greenwood for which radar training certification is required.
The Arkansas Supreme Court has held that in interpreting statutory language, it is appropriate to give the words under consideration their commonly understood meanings, in the absence of an ambiguity. See Gibsonv. City of Trumann, 311 Ark. 561, 845 S.W.2d 515 (1993). In my opinion, the language of A.C.A. § 12-9-209 is not ambiguous. It clearly provides that reimbursement is to paid in instances where the expense in question was incurred for training provided by the Law Enforcement Training Academy, and where the officer in question was hired for a position that requires a certificate of training from the Law Enforcement Training Academy.
It is my understanding that radar training is sometimes provided by professionals other than the Law Enforcement Training Academy. The statute indicates that in those instances, reimbursement for the training is not to be allowed.
I therefore conclude that if the radar training that the City of Mansfield paid for was provided by the Law Enforcement Training Academy, and if the position in the City of Greenwood to which the officer in question was hired required radar certification, the City of Mansfield is entitled to be reimbursed for the expense of providing radar certification training for the officer.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh