Ms. Linda C. Murphey, R.N., M.N. Executive Director Arkansas State Board of Nursing University Tower Building, Suite 800 Little Rock, Arkansas 72204
Dear Ms. Murphey:
This letter is a response to your request for an opinion regarding an issue arising out of Act 409 of 1995. You have pointed out that Act 409 amended A.C.A. § 17-86-101 so as to add "advanced practice nursing" as a category of professional licensure. You state that this category includes four nursing classifications: Certified Registered Nurse Anesthetist, Certified Nurse-Midwife, Advanced Registered Nurse Practitioner,[1] and Clinical Nurse Specialist. You indicate that national certification has been required for three of these categories, Certified Registered Nurse Anesthetist, Certified Nurse-Midwife, and Clinical Nurse Specialist, for longer than five years. You further indicate that national certification has been available, but not required, for the separate category of Registered Nurse Practitioner for longer than five years. It is my understanding that under Act 409, Registered Nurse Practitioners who have obtained national certification will be eligible to be licensed in Arkansas as advanced practice nurses under the new category that you describe as "Advanced Registered Nurse Practitioner."
Act 409 also amended A.C.A. § 17-86-201 so as to require that an advanced practice nurse be named as a member of the State Board of Nursing. The provision of Act 409 that gives rise to your questions is the section of the act that describes the qualifications that will be prerequisites to board membership in the advanced practice nurse position on the Board. That section states:
 (2) The licensed advanced practice nurse member shall have the following qualifications:
(A) Be an Arkansas resident;
 (B) Have at least five (5) years experience as an advanced practice nurse;
(C) Be licensed in Arkansas as an advanced practice nurse;
 (D) Have been actively engaged in nursing for at least three (3) years immediately preceding appointment, two (2) of which shall have been in Arkansas; and
(E) Have a certificate granting prescriptive authority.
A.C.A. § 17-86-201(c)(2), as amended by Acts 1995, No. 409.
With regard to the above-described facts and provisions of Act 409 of 1995, you have presented the following questions:
 (1) Because Arkansas has heretofore had no advanced practice licensure category under which anyone could have gained the requisite five years experience, will it be possible to have a legal appointee to this position?
 (2) Could nationally certified nurses in the nursing categories of Certified Registered Nurse Anesthetist, Certified Nurse-Midwife, Registered Nurse Practitioner, and Clinical Nurse Specialist be considered the functional equivalents of the advanced practice nurse classifications for the purpose of gaining the five years experience required for appointment to the Board?
RESPONSE
Question 1 — Because Arkansas has heretofore had no advanced practicelicensure category under which anyone could have gained the requisitefive years experience, will it be possible to have a legal appointee tothis position?
It is my opinion that it will be possible to have a legal appointee to the advanced practice nurse position on the Board.
I base this conclusion on various of the Arkansas Supreme Court's rules of statutory interpretation. The first is the rule under which the language of the statute under consideration must, in the absence of an ambiguity, be given its commonly understood meaning. See, e.g., Gibsonv. City of Trumann, 311 Ark. 561, 845 S.W.2d 515 (1993). The language of the statute indicates that the advanced practice nurse who is appointed to the Board must have five years " experience" as an advanced practice nurse. It does not state that the individual must have been licensed as an advanced practice nurse for five years. It is beyond dispute that certain individuals have been meeting the requirements set forth in the definition of the practice of advanced practice nursing for five years or more, despite the fact that no Arkansas license for advanced practice nursing has existed. The definition of advanced practice nursing states:
 Practice of advanced practice nursing means the delivery of health care services for compensation by professional nurses who have gained additional knowledge and skills through successful completion of an organized program of nursing education that certifies nurses for advanced practice roles as Advanced Nurse Practitioners, Certified Nurse Anesthetists, Certified Nurse-Midwives and Clinical Nurse Specialists.
A.C.A. § 17-86-102(3), as amended by Acts 1995, No. 409.
Individuals who have obtained a national certification in any of the classifications set forth under the above-quoted definition[2] can be said to have "gained additional knowledge and skills through successful completion of an organized program of nursing education that certifies nurses for advanced practice roles as Advanced Nurse Practitioners, Certified Nurse Anesthetists, Certified Nurse-Midwives [or] Clinical Nurse Specialists," as the case may be, depending upon the national certification obtained. The roles of Advanced Nurse Practitioner, Certified Nurse Anesthetist, Certified Nurse-Midwife, and Clinical Nurse Specialist have existed for longer than five years. The individuals who obtained national certification in those areas were certified for thoseroles. The practice of those roles is equivalent to the practice of advanced practice nursing. Therefore, if the individuals who obtained national certification have, for five years, been engaging in the roles for which the national certificates qualify them, it can be said that they have five years "experience" as advanced practice nurses, despite the fact that they were not licensed as advanced nurse practitioners during that five years.
It is my opinion that if such persons meet the other qualifications set forth in A.C.A. § 17-86-201(c)(2), they can be appointed to fill the advanced practice nurse position on the Board.
My conclusion regarding this matter is bolstered by two other rules of statutory interpretation. One is the rule under which statutory language must be interpreted, if possible, so as to give effect to every provision. See Omega Tube and Conduit v. Maples, 312 Ark. 489,850 S.W.2d 317 (1993). The other is the rule that in interpreting statutory language, it is inappropriate to give the statute a reading that would result in an absurdity, or to presume that the legislature enacted a vain and meaningless law. See Neely v. State, 317 Ark. 312, 877 S.W.2d 589
(1994); Death and Total Permanent Disability Trust Fund v. WhirlpoolCorp., 39 Ark. App. 62, 837 S.W.2d 293 (1992). To interpret Act 409 so as to require the advanced practice nurse member of the Board to have been licensed as such for five years would render that portion of the act vain, meaningless, and ineffective. It would result in the absurdity that no one could be appointed to fill the advanced practice nurse position on the board, even though the legislature clearly intended to create such a position. Given the fact that valid alternative interpretations are available, I decline to read Act 409 in this manner.
Question 2 — Could nationally certified nurses in the nursing categoriesof Certified Registered Nurse Anesthetist, Certified Nurse-Midwife,Registered Nurse Practitioner, and Clinical Nurse Specialist beconsidered the functional equivalents of the advanced practice nurseclassifications for the purpose of gaining the five years experiencerequired for appointment to the Board?
It is my opinion that nationally certified nurses in the nursing categories of Certified Registered Nurse Anesthetist, Certified Nurse-Midwife, Registered Nurse Practitioner, and Clinical Nurse Specialist could be considered the functional equivalents of advanced practice nurses for purposes of meeting the five-years experience prerequisite to board membership. The reasoning supporting this conclusion is set forth in full in response to Question 1.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The language of the definition of advanced practice nursing, set forth at A.C.A. § 17-86-102(3), refers to "Advanced Nurse Practitioners," rather than to "Advanced Registered Nurse Practitioners." In responding to your questions, I will assume that these two titles signify the same role.
[2] It is my understanding that national certification as a Registered Nurse Practitioner is equivalent to national certification as an Advanced Registered Nurse Practitioner.