The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Stodola:
This letter is a response to your request for an opinion regarding certain issues arising out of the provisions of A.C.A. § 9-27-309. You have presented the following specific questions:
 (1) Is there an irreconcilable conflict between A.C.A. §§ 9-27-309(e), 9-27-309(d)(2), and 9-27-309(f)?
(2) If so, why is there such a conflict?
 (3) If not, what state or federal privacy laws, if any, impact the issue of whether the prosecutor should or must disclose adjudication information to school superintendents pursuant to the above statutes?
 (4) In light of A.C.A. § 9-27-309(a), should juvenile intake officers or juvenile courts make "prior" adjudication information about juveniles immediately available to police and prosecutors in order to assist them in exercising discretion under A.C.A. § 9-27-318(b)(4) as to which system (juvenile or adult) in which to prosecute a juvenile?
RESPONSE
Question 1 — Is there an irreconcilable conflict between A.C.A. §§9-27-309(e), 9-27-309(d)(2), and 9-27-309(f)?
It is my opinion that there is not an irreconcilable conflict between A.C.A. §§ 9-27-309(e), 9-27-309(d)(2), and 9-27-309(f). I have reached this conclusion by applying the Arkansas Supreme Court's rule of statutory interpretation under which, in the absence of an ambiguity, the language of a statute under consideration must be read giving the words their plain, commonly-understood meaning. See, e.g., Gibson v. City ofTrumann, 311 Ark. 561, 845 S.W.2d 515 (1993). Because I find no ambiguity in the provisions of A.C.A. § 9-27-309, I must give the language set forth therein its plain meaning.
The pertinent sections of A.C.A. § 9-27-309 state:
 (d) Nothing in this subchapter shall preclude prosecuting attorneys or the juvenile court from providing information, upon written request, concerning the disposition of juveniles who have been adjudicated delinquent to:
* * *
 (2) The school superintendent of the school district in which the juvenile is currently enrolled;
* * *
 (e) When a juvenile is adjudicated delinquent for an offense for which he could have been charged as an adult or for unlawful possession of a handgun, the prosecuting attorney shall notify the school superintendent of the school in which the juvenile is currently enrolled.
* * *
 (f) Information provided pursuant to subsections (d) and (e) of this section shall not be released in violation of any state or federal law protecting the privacy of the juvenile.
A.C.A. § 9-27-309(d)(2), (e), and (f).
A reading of these provisions clearly indicates that Section (d), which addresses delinquency adjudications generally, is permissive, whereas Section (e), which addresses certain specific types of delinquency adjudications, is mandatory. Section (d) allows the prosecuting attorney to inform school superintendents that a juvenile has been adjudicated as a delinquent. Section (e) requires the prosecuting attorney to inform the school superintendent of the delinquency adjudication if the adjudication was for an offense for which the juvenile could have been charged as an adult or was for the unlawful possession of a handgun. These two provisions do not conflict.
Neither does Section (f) conflict with Sections (d) or (e). Rather, Section (f) addresses the release by school officials of information that has been provided pursuant to the provisions of Sections (d) and (e). Because Section (f) addresses release of information by a different entity than those addressed in Sections (d) and (e), it presents no conflict with those sections.
Question 2 — If so, why is there such a conflict?
Because I have opined that no conflict exists among the three sections about which you inquired in Question 1, it is unnecessary to answer Question 2.
Question 3 — If not, what state or federal privacy laws, if any, impactthe issue of whether the prosecutor should or must disclose adjudicationinformation to school superintendents pursuant to the above statutes?
I have located no state statutes that would operate to prohibit the release of information pursuant to the provisions of A.C.A. § 9-27-309(d) and (e). Neither have I found any case law that would have the effect of prohibiting such a release of information. The Arkansas Supreme Court has recognized the protectability of individuals' privacy interests; however, it has done so only in situations where the information at issue was of an extremely personal nature, and where the harm that could result for the individual as a result of the release of the information (and thus the importance of keeping the information private) outweighed the public's interest in having the information released. See, e.g.,McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989).[1] Although the Arkansas Supreme Court has not had occasion to address the provisions of A.C.A. § 9-27-309 in the context of a privacy challenge, it would appear from the previous privacy decisions that the information that is subject to release pursuant to the provisions of A.C.A. § 9-27-309(d) and (e) does not rise to the level of protectability that the Arkansas court has recognized.[2] Indeed, a considerable argument could be made that the public has a substantial interest in the release of information pursuant to those sections.
As to the impact of federal statutory law on the release of information pursuant to A.C.A. § 9-27-309(d) and (e), I must point out that my office has neither the resources nor the expertise to opine in any detail on federal statutes. I will mention, however, that we are aware of certain federal statutes that address privacy issues, such as 20 U.S.C. § 1232get seq. ("The Family and Educational Privacy Rights Act"), which addresses the release of information by schools; 42 U.S.C. § 2000aa etseq. ("The Privacy Protection Act of 1980"); and 5 U.S.C. § 552 et seq.
("The Privacy Act of 1974"). (See also federal laws dealing with the National Crime Information Center, e.g., 28 U.S.C. § 534 et seq.) However, these acts do not appear to override the provisions of A.C.A. §9-27-309 that address the release of information by prosecutors and juvenile courts. For thorough information about the impact of federal law upon your question, it would be advisable not only to review these federal statutes, but also to consult with the U.S. Attorney.
Question 4 — In light of A.C.A. § 9-27-309(a), should juvenile intakeofficers or juvenile courts make "prior" adjudication information aboutjuveniles immediately available to police and prosecutors in order toassist them in exercising discretion under A.C.A. § 9-27-318(b)(4) as tothe particular system (juvenile or adult) in which to prosecute ajuvenile?
In setting forth Question 4, you have indicated a particular concern about police having access to prior delinquency adjudication information at night, when many arrests are made.
It is my opinion, given the provisions of A.C.A. §§ 9-27-309 and -318 (as amended by Act 797 of 1995), that juvenile courts and intake officers can be required to provide prior delinquency adjudication information only to prosecuting attorneys, not to police, and that they need only provide it within a time frame that is sufficient to allow the prosecuting attorney to determine whether to prosecute the juvenile as an adult. However, it is my opinion, particularly in light of the police's possible need for the information for the purpose of making jailing decisions, that the juvenile court can, in its discretion, allow the information to be provided to both prosecutors and police, and can order that it be provided "immediately," i.e., at night.
A.C.A. § 9-27-309 only expressly requires the provision of information about prior delinquency adjudications that were for offenses for which the juvenile could have been tried as an adult. See A.C.A. §9-27-309(a)(2). Moreover, it only requires the provision of this information to prosecuting attorneys. Because Act 797 of 1995 now allows prosecutors, in determining whether to prosecute a juvenile as an adult, to consider prior delinquency adjudications that were for offenses for which the juvenile could not have been tried as an adult, it may reasonably be concluded that such prior adjudication information must also be provided to prosecutors.
Under A.C.A. § 9-27-309 and 9-27-318 (as amended by Act 797 of 1995), prior adjudication information is provided only for the purpose of its use by the prosecutor in determining whether to try the juvenile as an adult. On the basis of that purpose, I draw two pertinent general conclusions:
(1) Because the stated purpose of providing prior delinquency adjudication information is to assist the prosecutor in determining whether to prosecute the juvenile as an adult, such information is not required to be provided to police. Prosecutors, not police, make the determination of whether to prosecute the juvenile as an adult. (However, as noted previously, police may have a legitimate need for the information, and can obtain the information through the discretionary provisions, as discussed below.)
(2) The determination of whether to prosecute a juvenile as an adult is not made at the time of arrest. Therefore, the information is not required to be provided "immediately." That is, it would appear to be unnecessary to make the information available at the time of arrest, at least for purposes of making prosecution decisions. Moreover, the statute sets forth no time frame within which such information must be provided. (However, as noted previously and discussed below, there may be other legitimate reasons for providing the information "immediately," or at night.)
Despite these general conclusions, it is my opinion that the juvenile court can order that all prior delinquency adjudication information be made available to police, as well as to prosecutors, and that it be made available "immediately," i.e., at night. I base this conclusion on the provisions of A.C.A. § 9-27-309(a), which states:
 (a) All records may be closed and confidential within the discretion of the court. . . .
A.C.A. § 9-27-309(a) (emphasis added).
This provision appears to give the juvenile court the option of not keeping the juvenile's prior adjudication information confidential at all.[3] It may therefore be concluded that the court certainly has the discretion to make the information available to police. Because the provision of information under this discretionary provision would be in the control of the juvenile court, the court could, in its discretion, order that the information be made available "immediately," including at night. A presentation to the juvenile court of the police's need for the information and the time frame within which they would need it could assist the court in its exercise of discretion to make the information available in accordance with those needs.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] For a thorough discussion of the principles surrounding the issue of invasion of privacy, see Dunlap v. McCarty, 284 Ark. 5, 678 S.W.2d 361
(1984).
[2] It necessarily follows that the information that could be subject to release pursuant to A.C.A. § 9-27-309(d) and (e) does not rise to a level of protectability under constitutional privacy principles. SeeGriswold v. Connecticut, 381 U.S. 479 (1965). Entitlement to constitutional protection under privacy principles is more difficult to establish than protectability under common law tort principles.
[3] It should be noted that under the provisions of A.C.A. § 9-27-348, the press is prohibited, without written order of the juvenile court, from publishing the name of the juvenile who is the subject of proceedings under the Juvenile Code.