The Honorable Phil Wyrick State Representative 11001 Alexander Road Mabelvale, Arkansas 72103-1905
Dear Representative Wyrick:
This is in response to your request for an opinion on the following question:
 Under an incorporated town, does the mayor have a vote to pass an ordinance under the emergency clause when all councilmen are present, three votes for two votes against? It should take 2/3 vote of the city councilmen to pass the ordinance.
It is my opinion that the answer to this question is "no."
The requirement of a two-thirds vote to pass an emergency clause emanates not from any state statute, but from a provision of Amendment 7 to the Arkansas Constitution, governing the initiation and referendum of measures by the people. The relevant portion of that Amendment provides as follows:
 Emergency — If it shall be necessary for the preservation of the public peace, health and safety that a measure shall become effective without delay, such necessity shall be stated in one section, and if upon a yea and nay vote two-thirds of all the members elected to each house, or two-thirds of all the members elected to city or town councils; shall vote upon separate roll call in favor of the measure going into immediate operation, such emergency measure shall become effective without delay. . . . [Emphasis added.]
This provision requires a two-thirds vote of "all the members elected to city or town councils." The mayor of an incorporated town, of course, is not, strictly speaking, "elected to [the] . . . town council." He is elected as mayor, and serves, by virtue of his position of mayor under A.C.A. § 14-45-105(a), as ex-officio president of the council. This same statute governing the mayor's powers, however, also states that the mayor "shall have a vote when the mayor's vote is needed to pass any ordinance, bylaw, resolution, order, or motion." A.C.A. § 14-45-105(a). It has been held under identical language in a similar statute applying to mayors of cities of the first class and a provision of Amendment 7 requiring a two-thirds vote of "all members elected to . . . the city council" that the mayor was not an "elected" member of the council, and his vote could not be counted in the two-thirds vote necessary to repeal a measure initiated by the voters of the municipality under Amendment 7.Thompson, Mayor v. Younts, 282 Ark. 524, 669 S.W.2d 471 (1984). InYounts, the city council passed an ordinance which in part repealed an ordinance initiated by the voters of the city. This action would, under Amendment 7, require a vote of "two-thirds of all members elected to . . . the city council. . . ." In Younts the ordinance was passed by five of the nine elected aldermen with the mayor's vote making a total of six votes to pass. The court in Younts held that this vote was insufficient because, under the relevant provision of Amendment 7, the mayor was not an "elected" member of the council, even though a statute stated that the mayor had a vote when his vote was needed to pass any ordinance, by-law, resolution, order or motion.
Although the Younts decision involved a different provision of Amendment 7, (the one requiring a two-thirds vote to overturn initiated action, rather than the one requiring a two-thirds vote to pass an emergency clause), and involved a city of the first class (rather than an incorporated town) the provisions discussed in Younts are, for all practical purposes, identical to the provisions which are relevant to your question. In my opinion, therefore, the Younts decision is controlling of the question, and thus, the mayor's vote may not be counted in determining whether there is a sufficient two-thirds majority to pass an emergency clause for purposes of Amendment 7.
This conclusion is in no way inconsistent with the more recent decision in Gibson v. City of Trumann, 311 Ark. 561, 845 S.W.2d 515 (1993). Cf.also, Op. Att'y Gen. 95-229. In that decision, the Arkansas Supreme Court held that in a first class city, the mayor's vote could be counted to break a tie vote on an appropriation ordinance, which by statute was required to be passed by the "concurrence of the majority of thealdermen of any municipal corporation." See A.C.A. § 14-55-204 (1987). The court held that the legislature, in passing the statute which gave the mayor a vote when the mayor's vote was needed to pass "any" ordinance, by-law, resolution, order or motion, had impliedly repealed or amended the "aldermen" requirement of the statute applying to appropriation ordinances to allow the mayor to vote on such ordinances when his vote was needed. The court in Gibson expressly distinguished theYounts decision, stating:
 The appellant contends that the foregoing construction of the 1981 act is inconsistent with our case of Thompson v. Younts, [citation omitted]. In that case we were not deciding whether a 1981 statute could amend a section of an 1875 statute. Rather, we were construing the language of Amendment 7 to the Constitution of Arkansas. . . . In Younts we construed the amendment to mean just what is says, a vote of two-thirds of all the members elected to the city council is necessary to amend a measure approved by a vote of the people. In this case we are not construing that amendment or that language, but rather whether the 1981 statute was intended to amend a section of the 1875 statute and to repeal by implication another part.[1]
311 Ark. at 563.
It is therefore my opinion that the Younts decision is controlling of your question, and the mayor of an incorporated town does not have a vote for purposes of constituting the two-thirds majority required by Amendment 7 to pass an emergency clause to an ordinance.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The court in Younts expressly held that a mayor was not a member "elected to the council" despite the fact that he served as ex-officio member by virtue of his status as mayor. In Gibson, however, for some reason, the parties agreed that the language of A.C.A. § 14-55-203, requiring a "majority of the whole number of members elected to the council" to pass any ordinance, included the mayor, as ex-officio member of the council. The case went on to focus on the "aldermen" requirement of the appropriation statute, and the court did not have to address the issue of whether the mayor was "elected to the council." This fact, and the Gibson's court express distinguishing of the Younts decision, lead me to conclude that Younts is still controlling on this point, at least with respect to the facts of your question.