The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936-0280
Dear Senator Walters:
You have requested an Attorney General opinion concerning the mayor's ability to vote on matters that come before the city council in a city of the first class.
You have asked:
 Can a mayor in a city of the first class vote in cases other than a tie?
RESPONSE
It is my opinion that as the law is currently structured, the mayor in a city of the first class does have the authority to vote in cases other than a tie, but only when his vote is needed to pass any ordinance, resolution, order, or motion.
My conclusion regarding this matter is based upon the language of A.C.A. § 14-43-501, and that statute's history, as well as upon certain dicta of the Arkansas Supreme Court.
A.C.A. § 14-43-501 states in pertinent part:
 (b)(1)(A) The mayor shall be ex officio president of the council and shall preside at its meetings.
 (B) The mayor shall have a vote when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion.
A.C.A. § 14-43-501(b).
This statute was placed in its current form by Act 345 of 1981, which amended the previous form of the statute. In its previous form, the statute stated:
 The mayor shall be ex-officio president of the Council and shall preside at its meetings during the term for which he shall have been elected, and in case of a tie he shall have the casting vote.
Acts 1875, No. 1, § 51.
The 1981 amendment specifically removed the language limiting the mayor's voting power to situations involving ties, and replaced it with the language "the mayor shall have a vote when his vote is needed[.]"
This change in the statute appears to reflect an explicit legislative intent to broaden the power of the mayor to vote, so as to include situations other than those in which a tie has occurred.
In Gibson v. City Of Trumann, 311 Ark. 561, 845 S.W.2d 515 (1993), the Arkansas Supreme Court expressed a recognition of such an intent. In recounting the history of the statutes relating to the mayor's power to vote, the court stated:
 In 1981, the General Assembly passed an act which provides for a mayor's vote at times other than a tie. . . . Under the 1875 act the mayor was limited to voting "in case of a tie." The 1981 act, codified as Ark. Code Ann. 14-43-501 (b)(1)(B) (1987), expanded the occasions on which the mayor can vote to "when the Mayor's vote is needed" to pass "any" type of ordinance. . . . By giving the words of the 1981 act their usual and ordinary meaning, it becomes obvious that the General Assembly intended for the 1981 act, Ark. Code Ann. 14-43-501 (b)(1)(B) (1987), to amend section 51 of Act 1 of 1875 to allow the mayor to vote whenever his vote is needed to pass any type of ordinance. . . . The words "when the Mayor's vote is needed" are not limited and would apply any time the mayor's vote is needed[.]
Gibson, 311 Ark. at 562-63.
It should be noted that the Gibson case did not involve the central issue you have raised. Rather, the issue there was whether the mayor could vote to break a tie vote on an appropriation ordinance, which is governed by A.C.A. § 14-55-204. Nevertheless, Gibson is the only case in which the court has interpreted the statutory language about which you have inquired. Moreover, Gibson was decided in 1993. The General Assembly has met several times since that decision and has not responded to that interpretation.
I note that it could be argued that this interpretation of A.C.A. §14-43-501 causes a conflict with A.C.A. § 14-55-203, which states:
 (b) To pass any bylaw, ordinance, resolution, or order, a concurrence of a majority of a whole number of members elected to the council shall be required.
A.C.A. § 4-55-203.
The argument would be that the reference to "a whole number of members elected to the council" does not include the mayor, since the mayor was not "elected to the council." The argument seems plausible, but certain dicta in Gibson appears to indicate that the court may not accept it. InGibson, the court was presented with an argument that relied upon the contrast between A.C.A. § 14-55-203, quoted above, A.C.A. § 14-55-204, concerning appropriation ordinances. Whereas A.C.A. § 14-55-203 requires "a majority of a whole number of members elected to the council," A.C.A. § 14-55-204 requires "a majority of the aldermen." Regarding the phrase "a whole number of members elected to the council," the court stated: "The parties agree this language would include the mayor since he is an ex officio member of the council." The court did not question this assumption of the parties. Although the proper interpretation of the phrase was not an issue before the court, this aspect of Gibson seems to indicate that if presented with the question, the court might conclude that the mayor can be counted toward the "whole number of members elected to the council" who can vote.
On the basis of Gibson, I conclude that pending further judicial interpretation of this question, or legislative clarification thereof, the mayor of a city of the first class can vote on matters coming before the city council in situations other than those involving a tie vote on the council. It should be noted that because the statute specifies that the mayor's vote is allowed when needed "to pass" the various measures, the mayor would only be able to vote in the affirmative.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh