The Honorable Mark Pate State Representative P.O. Box 943 Bald Knob, AR 72010-0943
Dear Representative Pate:
You have requested an opinion on the following question concerning a vacancy on the town council of an incorporated town:
 Can the Town Mayor vote to break a tie or otherwise with the other town council members to fill a vacancy on the council; if the council is an even number with the vacancy?
RESPONSE
The answer to this question is "yes," in my opinion, pursuant to A.C.A. § 14-45-105, which provides in relevant part:
 The mayor in incorporated towns shall be ex officio president of the town council, shall preside at its meetings, and shall have a vote when the mayor's vote is needed to pass any ordinance, bylaw, resolution, order, or motion.
A.C.A. § 14-45-105(a) (Repl. 1998).
Under this statute, a town mayor has the authority to vote in case of a tie, as well as in other cases, but only when his vote is needed to pass any ordinance, resolution, order, or motion. Accord Op. Att'y Gen.2000-080 (discussing the statutory history of this provision, which reflects an explicit legislative intent to broaden the power of the mayor to vote, so as to include situations other than those in which a tie has occurred).
Your question also requires reference to A.C.A. §§ 14-42-103 and14-45-103, which provide in relevant part as follows regarding vacancies on a town council:
 Vacancies in municipal offices which are authorized by state law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of the governing body. However, there must always be a majority of a quorum of the whole number of the governing body to fill the vacancy.
A.C.A. § 14-42-103(a) (Repl. 1998).
 The town council shall have power to fill vacancies which may occur in elective offices of the town or on the council from qualified electors of the town, who shall hold their appointments until the next biennial election and until their successors are elected and qualified.
A.C.A. § 14-45-103 (Repl. 1998).
These statutes require that a vacancy shall be filled by the "town council," which is composed of the five aldermen. See A.C.A. § 14-45-101
(Repl. 1998) ("The corporate authority of incorporated towns shall vest in a town council composed of the five (5) aldermen who shall be qualified electors residing within the limits of the corporation. . . ."). One might therefore question whether the mayor's voting powers under § 14-45-105(a), supra, apply in the case of a vote to fill a vacancy on the council. Although the Arkansas Supreme Court has not addressed this precise question, it has been held under a similar statute applying to appropriation ordinances that the mayor's vote could be counted to break a tie vote on an appropriation ordinance. In Gibson v. City of Trumann,311 Ark. 561, 8451 S.W.2d 515 (1993), the court addressed a scenario involving a tie vote on an appropriation ordinance in a city of the first class (five of the ten-member council voting for and five against). The mayor broke the tie by voting in favor of the ordinance. Id. The question, therefore, was whether this vote was sufficient to pass the appropriation ordinance, which by statute had to be passed by "the concurrence of a majority of the aldermen. . . ." A.C.A. § 14-55-204
(emphasis added). The court upheld the mayor's vote, relying upon statutory language identical to A.C.A. § 14-45-105, supra, giving the mayor a vote when the mayor's vote "is needed to pass any ordinance,by-law, resolution, order or motion." 311 Ark. at 562, quoting A.C.A. §14-43-501(b)(1)(B) (emphasis added). The court rejected the argument that because the mayor is not an alderman he cannot vote on appropriation ordinances, holding that the legislature intended to amend or repeal that part of A.C.A. § 14-55-204, supra, requiring a majority of the "aldermen."Id. at 563. This followed from the expression of legislative intent under a 1981 act to allow the mayor to vote whenever his vote is needed to pass any type of ordinance. Id. at 562.
Following this analysis, I believe it is reasonable to conclude that the mayor of an incorporated town may vote to fill a vacancy, assuming that his or her vote is needed to take the council action in filling the vacancy. Reference should also be made to the vote requirement, which is contained in A.C.A. § 14-42-103(a), supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh