The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, Arkansas 72205
Dear Senator Broadway:
I am writing in response to your request for my opinion on the following matter:
 I requested an opinion concerning whether the vote of the Mayor of a city of the first class could be counted, along with other members of the city council, to reach a number that is required to suspend the city council's rules.
 [Op. Att'y Gen. 2004-326] stated that the council of a city of the first class that requires seven votes to suspend their rules may properly count the vote of the Mayor along with six other members of the council to suspend their rules.
 Your opinion stated that under certain provisions of the law the Mayor is an ex officio officer of the city council. With that in mind, I have another question.
 If a first class city has ten members of the city council and there is a request to suspend their rules, which takes a two-thirds vote, does it take seven votes to suspend the rules? Or does it take eight votes to suspend the rules if you count the Mayor as a member (eight of eleven)?
RESPONSE
It is my opinion that the law on this issue is currently unclear and can only be clarified by judicial interpretation of the applicable statutes, or by legislative clarification of those statutes. The statutes involved, the case law precedent, and the legislative intent of the statutes create a number of problematic results and I cannot opine on which interpretation a court would adopt in this situation.
In your previous request for an opinion, you asked whether a city council that required seven votes to suspend the rules could count the mayor plus six council members to properly suspend the rules. I opined that it was proper for the city council to count the mayor and six members of the city council to properly suspend the rules. Op. Att'y Gen. 2004-326. You did not specify the total number of members of the city council in that request. This question, a follow-up request to Op. Att'y Gen. 2004-326, more specifically asks whether, in a ten-person city council, the mayor increases the number of members of the city council used to compute the two-thirds majority required if he or she votes to suspend the rules.
The Arkansas Code specifically addresses the powers and duties of a mayor of a city of the first class with respect to the city council in A.C.A. § 14-43-501 (Supp. 2003), stating:
 (b)(1)(A) The mayor shall be ex officio president of the city council and shall preside at its meetings.
 (B)The mayor shall have a vote to establish a quorum of the city council at any regular meeting of the city council and when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion.
Furthermore, the code specifies that in the governance of municipal corporations:
 All bylaws and ordinances of a general or permanent nature shall be fully and distinctly read on three (3) different days unless two-thirds (2/3) of the members composing the municipal council shall dispense with the rule.
A.C.A. § 14-55-202 (Repl. 1998). The cardinal rule of statutory construction is to give effect to the intent of the legislature.Shipley, Inc. v. Long, ___ Ark. ___, S.W.3d ___ (Oct. 21, 2004). A court will first look at the plain and ordinary language of the statute in question. Jones v. Double "D" Properties, 352 Ark. 39, 46, 98 S.W.3d 405
(2003). When statutes are unambiguous, a court will construe all laws on a similar subject as a single system and attempt to give effect to the entire system. Arkansas County v. Desha County, 342 Ark. 135, 141,27 S.W.3d 379 (2000). A court, however, will not construe a statute to an absurd end and, if possible, will construe a statute as constitutional.Shipley, Inc., Ark. (Oct. 21, 2004). The legislature is presumed to know the laws in existence when a new law is passed. Otis v. State,355 Ark. 590, 614, 142 S.W.3d 615 (2004); see also Op. Att'y Gen. 2004-188. Under a plain reading of these statutes, it appears that the mayor may cast a vote if his or her vote is needed to pass a motion to suspend the rules. This was my conclusion in Op. Att'y Gen. 2004-326.
The question you now pose is whether, under certain circumstances (in this case a ten-member council), the mayor's vote will actually be sufficient to carry such a motion. There are two possible interpretations of A.C.A. § 14-43-501. The first is that the mayor, in voting to pass a motion to suspend the rules, may be counted towards the total number of votes needed to pass the motion but not towards the number of members of the city council to determine the majority needed to pass the motion. More directly, one interpretation is that a two-thirds majority of a ten-member council is seven votes and the mayor may vote with six council members to reach the required seven votes. The other interpretation is that the mayor adds to the total number of members of the council when voting such that if the mayor votes to suspend the rules with a ten-member city council, the two-thirds majority is determined from the eleven members of the council including the mayor. Both of these results raise significant questions that cannot be adequately resolved through this opinion.
I begin by addressing the first interpretation that the mayor may vote to pass the motion to suspend the rules without adding to the total number of members of the city council for determining the two-thirds majority. The Arkansas Supreme Court specifically addressed the legislative intent of A.C.A. § 14-43-501 in Gibson v. City of Truman, 311 Ark. 561,845 S.W.2d 515 (1993). The court stated that, when the General Assembly amended the statute in 1981, they meant to enlarge the mayor's power so that the mayor could vote more often than when the city council was tied.Id. at 563. As I stated in Op. Att'y Gen. 2004-326, the mayor appears to have the power to vote to pass any motion that needs his or her vote for passage. Under this interpretation, in a ten-member council, this would allow a mayor to vote with six council members to meet the required seven votes for a two-thirds majority.
There are two problems, however, with an interpretation that does not include the mayor in counting the total number of council members. First, the Arkansas Supreme Court has implied in dicta that the mayor may add to the total number of members of a city council to determine the required majority. Thompson v. Younts, 282 Ark. 524, 531 fn. 1,669 S.W.2d 471 (1984). While this is dicta, it is the only language that I have found in Arkansas cases discussing this issue and it suggests that the court would add the mayor to the total number of members of a city council in determining the proper two-thirds majority. Furthermore, my predecessors have relied on the footnote from Younts, supra, on similar issues in several situations. See Op. Att'y Gen. 2000-153 (opining that if the mayor were considered an elected member of the city council that the mayor would add to the total number of council members); Op. Att'y Gen. 90-028 (opining that the Mayor would change the number of members on a city council to determine a majority under Younts, supra); and Op. Att'y Gen. 88-168 (opining that, under the precedent of Younts, supra, a mayor would add to the total number of members of a city council). Second, certain mathematical irregularities give me pause. Take, for example, a nine-member city council. Five members vote against an ordinance and four vote for the ordinance. The mayor casts his or her vote in favor of the ordinance. This would achieve the requisite five votes to pass an ordinance in a nine-member city council if the mayor does not add to the total number of members of the council. I am concerned, however, because this creates a tie of five votes for and five votes against where the ordinance passes. I believe that this may be an absurd result of the statute. See, e.g. Shipley, Inc., Ark.
The alternative interpretation that the mayor adds to the total number of members of the city council in determining the majority requirements is also problematic. It is based on the footnote in Younts, supra, and is supported by several opinions from my predecessors. In this situation, the city council of a city of the first class with ten members would be considered as havening eleven members when the mayor votes. Therefore, to pass a motion to suspend the rules requiring a two-thirds majority, seven votes of the council are needed or eight votes if the mayor is also voting.
Adding the mayor to the total number of members of the council, however, creates results that appear to cut against the legislative intent of A.C.A. § 14-43-501. Gibson, supra. Mathematically speaking, if the mayor is added to the number of members of the city council to determine the majority requirements, the mayor will never be able to vote to pass a motion requiring two-thirds of the city council in a ten-member city council. A two-thirds vote of a ten person council is seven votes. A two-thirds vote of an eleven member council, the ten council members and the mayor, is eight votes. If the mayor adds to the total number of the city council to determine the two-thirds majority, the two-thirds majority of eleven cannot be reached without a two-thirds majority of ten, obviating the need for the mayor's vote. This result appears to be at odds with the legislative intent of A.C.A. § 14-43-501. See Gibson,311 Ark. at 563. Furthermore, one of my predecessors opined that Younts
was limited in its holding to the specific language of Amendment 7. Op. Att'y Gen. 2000-034.
Both interpretations proffered lead to problematic results that either are potentially illogical or are against legislative intent of the section at issue. In this instance, I am unable to opine how a court would interpret the statutes because of the contradictory and potentially untenable results. I reiterate that judicial interpretation or legislative clarification is warranted in this situation.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh