The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, Arkansas 72022
Dear Senator Broadway:
You have requested an Attorney General opinion on the following question:
 If the council of a city of the first class requires that seven (7) votes are needed to suspend their rules, may the vote of the Mayor be counted along with six (6) other members of the city council to properly suspend the rules?
RESPONSE
It is my opinion that the council of a city of the first class that requires seven votes to suspend their rules may properly count the vote of the Mayor along with six other members of the council to suspend the rules.
The governing law in this situation is Arkansas Code Annotated §14-43-501 (Repl. 1998). Subsection (b) (1) directly addresses the power of a Mayor with respect to meetings of a council of a city of the first class. It states:
 (A) The mayor shall be ex officio president of the city council and shall preside at its meetings.
 (B) The mayor shall have a vote to establish the quorum of the city council at any regular meeting of the city council and when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion.
Id. (emphasis added). The Arkansas Code Annotated mentions suspension of "the rule" in Section 14-55-202 (Repl. 1998). It states:
 All bylaws and ordinances of a general or permanent nature shall be fully and distinctly read on three (3) different days unless two-thirds (2/3) of the members composing the municipal council shall dispense with the rule.
Id. The Arkansas Supreme Court has addressed the question of when a Mayor's vote is proper in a city council in Thompson v. Younts,282 Ark. 524, 669 S.W.2d 471 (1984) and Gibson v. City ofTruman, 311 Ark. 561, 845 S.W.2d 515
(1993). In Thompson, the court held that under Amendment 7
to the Arkansas Constitution, the Mayor was not a "member elected to . . . the city council" and could not exercise his voting power with respect to amending or repealing a measure approved by the people.282 Ark. at 530. However, in Gibson, the court held that the Mayor may exercise his vote to pass an appropriations ordinance distinguishingThompson, 282 Ark., as specifically relating to the provisions of Amendment 7 to the Arkansas Constitution. 311 Ark. at 563. Furthermore, the Arkansas Supreme Court held that Act 345 of 1981 amending A.C.A. §14-43-501 (b) (1) (B), set out above, expressly gave the Mayor the power to vote in favor of an appropriations ordinance despite not being an "alderman" with respect to A.C.A. § 14-55-204 (Repl. 1998).
In my opinion, this question is similar to Gibson. Section 14-55-202 of the Arkansas Code Annotated provides that the rule regarding the reading of bylaws and ordinances may be suspended if two-thirds of the "members composing the municipal council" so vote. The Arkansas Code also defines the Mayor of a city as the ex officio president of the municipal council. A.C.A. § 14-43-501. The Mayor is, therefore, a member composing the municipal council and in my opinion he may vote to reach the required number to suspend the rules under A.C.A. § 14-55-202.
If you are referencing the suspension of the rules for some other purpose, I still opine that the Mayor's vote may be properly counted under the general rules of parliamentary procedure. My predecessors have opined that, in the absence of local procedural rules, the general rules of parliamentary procedure apply. See, e.g. Op. Att'y Gen 98-282; Op. Att'y Gen 95-152 (citing 62 C.J.S. Municipal Corporations § 400(a) (1949));and 62 C.J.S. Municipal Corporations § 232(a) (Supp. 2004). Your request for an opinion does not indicate the presence or absence of any local procedural rules that would apply to this situation. Assuming that there are no local procedural rules, I will look to general parliamentary procedure as per my predecessors' opinions.
Roberts Rules of Order notes that the only way to suspend the rules is by a motion to suspend the rules. Roberts Rules of Order 222 (7th Ed. 1970). Therefore, in the hypothetical presented by your request for an opinion, the Mayor, in voting to suspend the rules, is voting to pass a motion to suspend the rules. Arkansas Code Annotated § 14-43-501 (b) (1) specifically states that the Mayor of a city of the first class may vote to pass any motion. Accordingly, I believe that the Mayor of a city of the first class may vote with 6 members of the city council to properly suspend the rules when the city council requires 7 votes to suspend the rules.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh