The Honorable Jim Medley State Representative 2200 Carthage Drive Fort Smith, AR 72901-6820
Dear Representative Medley:
I am writing in response to your request for an opinion on the following:
In Opinion No. 97-057 your predecessor opined that because of the duties he exercises the Mayor of a city with a Mayor/Council form of government can be considered a member of the governing body for the purposes of A.C.A. § 26-75-605, (which requires that two members of the governing body sit on the City's Advertising and Promotion Commission). Since the Mayor in a City Administrator form of government presides and has veto power over the City Board, can that Mayor be considered a member of the governing body for the purposes of A.C.A. § 26-75-605?
RESPONSE
In my opinion, absent legislative clarification or judicial interpretation, a mayor of a city administrator form of municipal government would likely be considered a member of the "governing body" of a municipality for the purposes of A.C.A. § 26-75-605 (Supp. 2005).
In pertinent part, A.C.A. § 26-75-605 states:
(a) Any municipality levying a tax pursuant to this subchapter shall create by ordinance a municipal advertising and promotion commission, to be composed of seven (7) members, as follows:
(1)(A) Four (4) members shall be owners or managers of businesses in the tourism industry, and the owner or manager shall reside in the levying municipality or, if the governing body of the municipality provides for by ordinance, the owner or manager may reside outside of the municipality but within the county in which the municipality is located.
(B) At least three (3) of these members shall be owners or managers of hotels, motels, or restaurants and shall serve for staggered terms of four (4) years;
(2) Two (2) members of the commission shall be members of the governing body of the municipality and selected by the governing body and shall serve at the will of the governing body; and
(3) One (1) member shall be from the public at large who shall reside within the levying municipality or in the county of the levying municipality and shall serve for a term of four (4) years.
Id. (emphasis added).
The phrase "governing body" has not been expressly defined or interpreted in this context by the General Assembly or the Arkansas courts. Ordinarily, the question of whether a mayor is considered part of a "governing body" must be determined in each separate context. See, e.g., Op. Att'y Gen. 2007-034 (concluding that the it was unclear whether the mayor is considered part of the governing body for the purposes of Amendment 56 to the Arkansas Constitution); and Op. Att'y Gen. 2003-289 (opining that the mayor of a city of the first class with a mayor-council form of government would be considered part of the "governing body" for purposes of the Freedom of Information Act); see also Op. Att'y Gen. 96-067 (concluding that a Mayor in a City Administrator form of municipal government would be considered part of the "governing body" of the city for the purposes of the Freedom of Information Act). As you note, one of my predecessors concluded that the mayor of a mayor-council municipal government would likely be considered part of the "governing body" for the purposes of A.C.A. § 26-75-605. Op. Att'y Gen. 97-057. Specifically, my predecessor noted:
The corporate authority of cities in Arkansas are [sic] "vested in one (1) principal officer, to be called the mayor, and one (1) board of aldermen, to be called the city council." A.C.A. § 14-42-102 (1987). In a city of the first class, the "mayor shall be ex officio president of the council and shall preside at its meetings." A.C.A. § 14-43-501
(1987); Gibson v. City of Truman, 311 Ark. 561, 845 S.W.2d 515 (1993). The mayor is also granted a vote when his vote is needed to pass any ordinance. Id. Further, this office has opined that the mayor is most likely included in the governing body of a city for purposes of the Arkansas Freedom of Information Act. Op. Att'y Gen. No. 95-227
(regarding city of the second class); see also Op. Att'y Gen. No.96-062.
Id. at 4-5.
As for the mayor in a city administrator form of government, which is the focus of your question, he is "the head of the city government for all ceremonial purposes." A.C.A. § 14-48-111(a)(1) (Repl. 1998). While the mayor in a city administrator government does not have the authority to vote on any issue before the city's board of directors, the mayor does serve as chairman of the board of directors and presides at the board's meetings. Id. at (a)(3). Furthermore, the mayor of a city administrator form of government has the ability to veto the decisions of the board, except for personnel decisions. Id. at (b)(1).
One of my predecessors noted that the mayor's authority to preside over the board as chairman and the mayor's ability to participate in decision-making through the use of a veto supported the conclusion that the mayor of a city administrator form of government was a member of the "governing body" for purposes of a Freedom of Information Act analysis. Op. Att'y Gen. 96-067. In my opinion, based on the authority vested by statute in a mayor of a city administrator form of government as described in Op. Att'y Gen. 96-067, the opinion of my predecessor in Op. Att'y Gen. 97-067, and the lack of interpretation or definition of the phrase "governing body," such a mayor would likely be considered a member of the "governing body" of a municipality for the purposes of A.C.A. § 26-75-605.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General