John F. WELLS and INDEPENDENT VOTERS
OF ARKANSAS, INC. *v.* Richard R. HEATH,
EQUILEASE CORPORATION et al

81-87                                                        622 S.W. 2d 163

Supreme Court of Arkansas
Opinion delivered October 12, 1981
[Rehearing denied November 9, 1981*]

*HICKMAN, J., not participating.

*Patten, Brown & Leslie,* by: *Charles A. Brown,* for appellants.

*Wright, Lindsey & Jennings,* by: *Pat Goss* and *Gordon Rather, Jr.,* for appellees.

RICHARD B. ADKISSON, Chief Justice. This appeal is from a judgment of the Pulaski County Chancery Court finding that there was a specific appropriation to pay for equipment purchased by the Department of Correction pursuant to Act 368 of 1975. We remanded for a determination of this issue in *Wells* v. *Heath,* 269 Ark. 473, 602 S.W. 2d 665 (1980).

The sole issue on appeal is whether the appropriation to pay for the purchased equipment was sufficiently specific as required by the Arkansas Constitution.

Art. 5, § 29 provides:

No money shall be drawn from the treasury except in

pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, ...

Art. 16, § 12 provides:

No money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation.

In June, 1977, the Department of Correction exercised an option to purchase certain printing and duplicating equipment that it had been leasing from the appellee, Equilease. The amount of the purchase was $148,276.34. The appropriation to pay for this purchase is found in § 2 of Act 368 of 1975 which authorizes the spending of $1,221,356 for "maintenance and general operation." This section is the appropriation for the Department of Correction Prison Industry Fund for the biennial period ending June 30, 1977; its stated purpose is to pay for that industry's personal services and operating expenses.

Ark. Stat. Ann. §§ 13-327 through -355 (Repl. 1979) is the General Accounting and Budgetary Procedures Law of Arkansas. Section 13-338 (F) provides that appropriations shall be classified under six separate headings, one of which is "maintenance and general operation." This heading is further defined in § 13-338 (F) (2) to include expenses for equipment. Here, the purchase was for equipment and was, therefore, a proper expenditure of funds appropriated for maintenance and general operation. The purpose of the appropriation is set out in the appropriation act and satisfies the requirements of the Arkansas Constitution.

Appellant argues that § 12 of Act 713 of 1977 which transferred funds to the Prison Industry Fund for payment of the appropriation made by § 2 of Act 368 of 1975 was an unconstitutional appropriation because it was not sufficiently specific in its purposes. We disagree. Act 713 was clearly not an appropriation act; it was merely a way to transfer funds into an account for payment of an existing appropriation.

48

Appellant further argues that Ark. Stat. Ann. § 46-245 (Repl. 1977) prohibits the use of tax revenues for the purchase of equipment under the Prison-Made Goods Act of 1967 (Ark. Stat. Ann. §§ 46-234 through -247 [Repl. 1977]). The effect of Act 713 of 1977 in transferring general revenues to the Prison Industry Account repealed by implication the provision in Ark. Stat. Ann. § 46-245 requiring that purchases be payable solely out of revenues derived from the industry. If two legislative acts relating to the same subject are in conflict with each other, the later act controls. *State* v. *Lawrence*, 246 Ark. 644, 439 S.W. 2d 819 (1969).

Affirmed.

HICKMAN, J., not participating.