Annette F. KYLE *v.* STATE of Arkansas

CR 92-1107                                        849 S.W.2d 935

Supreme Court of Arkansas
Opinion delivered March 15, 1993

*Lee R. Watson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. In this appeal, we are asked to decide whether a circuit court retains jurisdiction over a defendant who has been ordered to pay restitution as a condition of a deferred imposition of sentence until the restitution has been paid in full, even beyond the duration of deferment.[1] We hold that the trial court inherently retains jurisdiction over such a procedure until the full amount of restitution is paid, even if the term of the defendant has expired. Accordingly, we affirm the trial court's decision to extend appellant's probation period until her debt was paid.

On January 15, 1985, appellant, Annette Kyle (now Bohlman), was charged with the offense of leaving the scene of a personal injury accident, a Class D felony. On February 13, 1985, she entered a plea of nolo contendere to the charge. The court withheld imposition of sentence for five years conditioned on good behavior and ordered her to pay restitution in the amount of $5,789.70 at the rate of $100.00 per month until paid in full. The court also placed Ms. Bohlman on supervised probation for one and one-half years which included performing 48 hours of community service.

---

[1] The briefs refer to the sentencing procedure in this case as a "suspended sentence." However, the judgment reflects that the trial court withheld imposition of sentence for five years.

In 1986 the State filed a petition to revoke appellant's "suspended sentence." The petition alleged that Ms. Bohlman had violated the terms imposed upon her by failing to make a restitution payment since July 1, 1986, and that the unpaid balance was $5,389.70. The petition was denied.

In 1989 the State filed a second petition to revoke alleging an unpaid balance of $4,520.00 and that the appellant should have paid $3,800.00 toward the restitution and had only paid $1,269.70, leaving $2,530.30 in arrears. Ms. Bohlman moved for a continuance, stating that she had paid $500 on March 20, 1990, and that her employer had agreed to a wage assignment of $25.00 per week. The continuance was granted. The State later moved to withdraw the petition, and the court granted the motion.

The State filed a third petition to revoke on September 25, 1991, alleging that appellant had failed to make any payments since July 27, 1991. The unpaid balance at that time was $2,658.00. At the hearing on the petition, appellant moved to dismiss alleging that the State had failed to comply with Ark. Code Ann. § 5-4-309 (1987) by filing the petition after the expiration of the five year deferment. After hearing arguments by counsel the court denied appellant's motion, relying on the language of Ark. Code Ann. § 5-4-303(f) (1987). Upon the close of the evidence, the court extended appellant's probation period until such time as the restitution was paid in full at a rate of $25.00 per week. The court did not at any time revoke her "suspended sentence."

As her first point on appeal, appellant contends that the trial court did not have the authority to take any action with regard to her because the period of the deferred sentence had expired before the revocation petition was filed. She stands on Ark. Code Ann. § 5-4-309(a) (1987):

> The court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation, provided the defendant is arrested for violation of suspension or probation, or a warrant is issued for his arrest for violation of suspension or probation, before expiration of the period.

The State argues that under Ark. Code Ann. § 5-4-303(f),

the trial court inherently retains jurisdiction over the defendant until restitution has been paid regardless of whether the prosecutor ever files a revocation petition or not. This statute provides in pertinent part:

> [i]f the court has suspended the imposition of sentence or placed a defendant on probation conditioned upon him making restitution or reparation and the defendant has not satisfactorily made all his payments when the probation period has ended, the court shall have the authority to continue to assert its jurisdiction over the recalcitrant defendant and extend the probation period as it deems necessary or revoke the defendant's suspended sentence.

The appellant cites the 1988 Supplementary Commentary to § 5-4-302(f) in support of her argument.

> Act 315 of 1985 added the last sentence of subsection (f). Presumably, revocation proceedings under § 5-4-303(f) will be conducted pursuant to constraints imposed by § 5-4-309. See Supplementary Commentary to § 5-4-309. See also § 5-4-203 and the commentary thereto which recognize constitutional restrictions on imprisoning a defendant for failure to pay a fine. See also *Drain* v. *State*, 10 Ark. App. 338, 664 S.W.2d 484 (1984) which cites *Bearden* v. *Georgia*, 461 U.S. 660 (1983) for the proposition that failure to pay a fine or *restitution* can be punished by imprisonment only where the State can prove that the probationer failed to make bona fide efforts to do so.

In interpreting the two statutes at issue, we adhere to the basic rule of statutory construction which gives effect to the intent of the legislature, making use of common sense. *Sanders* v. *State*, 310 Ark. 630, 839 S.W.2d 518 (1992). In interpreting statutes, the court gives words their usual and ordinary meaning. *Gibson* v. *City of Truman*, 311 Ark. 561, 845 S.W.2d 515 (1993). Also, the commentary to a statue is a highly persuasive aid to construction, but it is not controlling over the clear language of the statute. *See Lewis* v. *State*, 267 Ark. 933, 591 S.W.2d 687 (1980); *Mears, County Judge* v. *Ark. State Hospital*, 265 Ark. 845, 581 S.W.2d 339 (1979); *Patrick* v. *State*, 265 Ark. 335, 576 S.W.2d 191 (1979); *Britt* v. *State*, 261 Ark. 488, 549 S.W.2d 84

(1977).

In examining the actual wording of the statutes, we conclude that Ark. Code Ann. § 5-4-309 does not apply to appellant's situation. That statute deals with revoking a suspension or probation after that period has expired. Here, as we have said, the court did not revoke appellant's "suspended sentence," it merely extended her probation period until the full amount of restitution was paid. Therefore, Ark. Code Ann. § 5-4-303(f) is controlling. The "shall" in the statute indicates that the court's jurisdiction automatically continues until the restitution is complete. Moreover, the disjunctive "or" gives the court the option to either extend the probation period or revoke the suspended sentence. Here, the court correctly exercised its authority to extend Ms. Bohlman's probation period until she had paid her debt.

Even if the two statutory provisions are in conflict with each other, Ark. Code Ann. § 5-4-303(f) governs because it was added by Act 315 of 1985, which was after the language of § 5-4-309 was adopted . The settled rule of statutory construction is that if two legislative acts relating to the same subject are in conflict with each other, the later act controls. *Uilkie* v. *State*, 309 Ark. 48, 827 S.W.2d 131 (1992); *Wells* v. *Heath*, 274 Ark. 45, 622 S.W.2d 163 (1981).

We find persuasive the State's argument that a prosecutory should not be required to file a revocation petition prior to the expiration of the suspension or probationary period in cases involving unpaid restitution because it cannot be known until the period has fully expired whether the defendant has made restitution. A defendant could conceivably pay the full amount owed on the last day of the period and fulfill his or her obligation.

It follows that the trial court did not err in extending Ms. Bohlman's probationary period. Pursuant to Ark. Code Ann. § 5-4-303(f), the trial court retains jurisdiction until the full amount of restitution is paid, even beyond the period originally allowed. The prosecutor was not required to comply with the requirements of Ark. Code Ann. § 5-4-309(e) because appellant's deferred sentence was not revoked but merely extended to allow her to pay the restitution.

As her second point of appeal, Ms. Bohlman contends "the

trial court erred in revoking her suspended sentence" because the written terms and conditions given to her as required by Ark. Code Ann. § 5-4-303(e) (1987) did not include the provision that the court's jurisdiction over her would continue until the restitution was paid in full. Arkansas Code Annotated § 5-4-303(e) (1987) states:

> If the court suspends the imposition of sentence on a defendant or places him on probation, the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released.

This provision does not apply to Ms. Bohlman's situation for the simple reason that her sentence was not revoked and she was never imprisoned. Her probation period was merely extended to allow her to pay the restitution at a rate she indicated that she could afford. In fact, the "Terms and Conditions of Suspended Sentence" and the Judgment both adequately explain the conditions of appellant's suspension. She was informed in writing at the time of her sentence that she owed $5,789.70 as restitution. The State was not required to also notify her that the court retained jurisdiction until this amount was paid. The authority to enforce the terms of a suspended sentence is not itself a condition of the suspended sentence and is not required to be stated in writing. Therefore, this argument is meritless.

As her final point of appeal, Ms. Bohlman argues that the State failed to meet its burden of proof under Ark. Code Ann. § 5-4-309(d) (1987) to show by a preponderance of the evidence that she had inexcusably failed to comply with the conditions imposed on her. Appellant relies on *Baldridge v. State*, 31 Ark. App. 114, 789 S.W.2d 735 (1990), *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988); and *Phillips v. State*, 25 Ark. App. 102, 753 S.W.2d 301 (1988) which set forth the burden of proof in revocation proceedings and the standard of review on appeal. However, these cases are distinguishable because the parties in those cases were all incarcerated and their sentences were revoked. Again, the requirements of Ark. Code Ann. § 5-4-309(d) do not apply because appellant was never imprisoned and her sentence was not revoked. Beyond that, the court did receive evidence concerning appellant's payment history and her financial status. She testified she was able to make payments of $25.00

per week as restitution. The court examined the evidence and decided to require her to make payments at that same rate until the full amount was paid. In fact, the court was lenient in allowing her to pay off her debt at a reduced rate. That finding by the trial court was clearly not against a preponderance of the evidence.

Affirmed.