The Honorable Sharon Priest Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion on the notice required in order for a second class city to hold a special election to fill a vacancy in the office of mayor. Specifically, you indicate that two separate Arkansas statutes govern the question and appear to conflict on the required notice to be given of the election.
The first statute is A.C.A. § 14-42-203, which applies to cities of the first and second class. It provides that "[s]pecial elections of mayors of cities of the first and second class shall be held at such time and place as the council shall direct, so that at least sixty (60) days notice thereof shall be given." The second statute is A.C.A. § 14-44-106, which applies only to cities of the second class. It provides that: "[w]henever a vacancy shall occur in the office of mayor in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to either elect, by a majority vote of the aldermen, a mayor to serve the unexpired term or call for a special election to be held within thirty (30) days to fill the vacancy. . . ."[1]
The conflict in these two statutes is between the sixty days required notice for a special election in A.C.A. § 14-42-203, and the thirty days limitation established by § 14-44-106. It is my opinion that these two statutes cannot be reconciled on this point, and as a consequence, the latter in time prevails. See Kyle v. State, 312 Ark. 274, 849 S.W.2d 935
(1993). The last expression of the legislature on the point is evidenced by Act 422 of 1985, which increased the notice required under the precursor to § 14-42-203 from 10 days to 60 days. Act 422 contained a "general repealer clause" which repealed all laws and parts of laws in conflict with the act. This repealer clause thus operated to repeal the thirty day requirement found in A.C.A. § 14-44-106, which was last amended in 1967. See Act 427 of 1967.
It is therefore my opinion that second class cities are required to give sixty days notice of special elections to fill a vacancy in the office of mayor.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have cited a third statute (A.C.A. § 14-42-206 (Cum. Supp. 1993)) which you indicate may also be implicated. Subsection (d) of this statute provides that: [s]pecial elections for mayors in cities of the first class and other special elections of officials required by law in cities and towns shall use the procedure in this section." It is my opinion, however, that this statute has no applicability to special elections of mayors in cities of the second class.