The Honorable Pat Flanagin State Representative 935 North Washington Street Forrest City, Arkansas 72335-2856
Dear Representative Flanagin:
This is in response to your request for an opinion concerning membership on a city advertising and promotion commission created pursuant to A.C.A. § 26-75-605. In your letter, you state that the Mayor of Brinkley serves as one of the two "members of the governing body of the city" that must serve on the Brinkley Advertising and Promotion Commission. In addition, you state that a member of the city council, who is employed in the tourism business, serves as one of the four representatives of the tourism industry that must serve on the commission. With regard to this situation, you have presented the following questions:
 1. Can a member of the city council also sit as a tourism industry representative on a city advertising and promotion commission?
 2. Can the mayor of a mayor-council city sit as one of two" governing body" members of the city advertising and promotion commission?
In my opinion, a sitting council member is prohibited from accepting an appointment as a tourism industry representative on an advertising and promotion commission. It is, however, my opinion that a member of the advertising and promotion commission is not prohibited from subsequently taking office as a city council member and holding both positions. Further, it is my opinion that the mayor may serve on the commission as one of the members of the governing body of the city.
It is my understanding that Brinkley is a city of the first class with the mayor-council form of government. In addition, it is my understanding that the Brinkley Advertising and Promotion Commission was created under A.C.A. § 26-75-605 which provides in part:
 (a) Any city levying a tax pursuant to this subchapter shall, by ordinance, create a city advertising and promotion commission, to be composed of seven (7) members, as follows:
 (1) Four (4) members shall be owners or managers of businesses in the tourism industry, . . . who shall serve for staggered terms of four (4) years;
 (2) Two (2) members of the commission shall be members of the governing body of the city and selected by the governing body and shall serve at the will of the governing body; and
(3) One (1) member shall be from the public at large . . .
Question 1 — Can a member of the city council also sit as a tourismindustry representative on a city advertising and promotion commission?
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Op. Att'y Gen. No. 95-178; Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966). With regard to a statutory conflict, A.C.A. § 14-42-107(a)(2) (1987) provides:
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
This office has previously opined that members of municipal advertising and promotion commissions are city officers. Op. Att'y Gen. Nos. 95-296
and 91-283. Consequently, a member of the city council is generally prohibited by statute from being appointed to an office such as an advertising and promotion commissioner.
I recognize that A.C.A. § 26-75-605(a)(2) provides for the appointment of two members of the governing body of the city. Section 26-75-605 is a more recent expression of legislative intent and is a more specific statute than the general rule outlined in A.C.A. § 14-42-107; therefore, A.C.A. § 26-75-605 will be controlling in the event of a conflict with A.C.A. § 14-42-107. See Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290
(1994) (general statute does not apply when there is a specific statute covering a particular subject matter); Kyle v. State, 312 Ark. 274,849 S.W.2d 935 (1993) (if two legislative acts relating to the same subject are in conflict with each other, the later act controls). Nevertheless, it is my opinion that A.C.A. § 26-75-605 is not in conflict with A.C.A. § 14-42-107 regarding a council members appointment as a tourism industry representative. Although A.C.A. § 26-75-605 provides for the appointment of two representatives of the governing body of the city, it is silent with regard to whether a member of the governing body can serve on the commission in any other capacity. Because A.C.A. § 26-75-605 does not address such a situation, it is my opinion that the general prohibition found in A.C.A. § 14-42-107 is in all likelihood controlling. Consequently, it is my opinion that a sitting council member is statutorily prohibited from accepting an appointment as a tourism industry representative on an advertising and promotion commission.
It should be noted that only the initial tourism industry representatives are appointed solely by the city governing body. A.C.A. §26-75-605(b)(1). Vacancies on the commission in any of the tourism industry positions are filled by appointment made by the remaining members of the commission, with the approval of the governing body of the city. A.C.A. § 26-75-605(d). Nevertheless, it is my opinion that A.C.A. § 14-42-107 would prohibit the "appointment" of a council member under either scenario. See generally Op. Att'y Gen. Nos. 91-415 and 91-302.
While A.C.A. § 14-42-107 would prohibit a sitting council member from accepting an appointment as a tourism industry representative on the advertising and promotion commission, it does not appear that it would prohibit a sitting member of the advertising and promotion commission from taking office as a city council member and holding both positions. I can find no statutory prohibition against such dual office-holding. In addition, because the two positions at issue are municipal positions that are not provided for in the Arkansas Constitution, it may be concluded that there is no constitutional impediment to the dual office-holding.See Op. Att'y Gen. No. 95-178. Further, it is my opinion that there is no common law prohibition against such dual office-holding. Under the common law doctrine of incompatibility, one person is generally prohibited from holding two offices where the discharge of the duties of one office conflicts with the duties of the other to the detriment of the public good. Op. Att'y Gen. No. 96-328; Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1904). Offices are generally incompatible "where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other." Op. Att'y Gen. No. 96-328; Tappanv. Helena Federal Savings Loan Assoc., 193 Ark. 1023, 104 S.W. 2d 458
(1937). The city council, however, has no authority to remove the tourism industry representatives on the commission, see Op. Att'y Gen. No.95-296, nor does the city council have any supervisory authority over the commissioners.
In sum, if an individual who holds the position of city councilman is then appointed as a tourism industry representative on the commission, the appointment violates A.C.A. § 14-42-107(a)(2). If, however, an individual was already serving as a tourism industry representative on the commission, and then he was elected to the city council, he may hold both positions.
Question 2 — Can the mayor of a mayor-council city sit as one of two"governing body" members of the city advertising and promotioncommission?
As discussed above, A.C.A. § 26-75-605 specifically authorizes two members of the governing body of the city to serve on the commission. Although no court has precisely addressed the issue of whether the mayor is considered a member of the governing body of the city with regard to service on an advertising and promotion commission, it is my opinion that the mayor is most likely considered a member of the governing body under these circumstances.
The corporate authority of cities in Arkansas are "vested in one (1) principal officer, to be called the mayor, and one (1) board of aldermen, to be called the city council." A.C.A. § 14-42-102 (1987). In a city of the first class, the "mayor shall be ex officio president of the council and shall preside at its meetings." A.C.A. § 14-43-501 (1987); Gibson v.City of Truman, 311 Ark. 561, 845 S.W.2d 515 (1993). The mayor is also granted a vote when his vote is needed to pass any ordinance. Id.
Further, this office has opined that the mayor is most likely included in the governing body of a city for purposes of the Arkansas Freedom of Information Act. Op. Att'y Gen. No. 95-227 (regarding city of the second class); see also Op. Att'y Gen. No. 96-062.
Because it may reasonably be concluded that the mayor is considered a member of the governing body for purposes of A.C.A. § 26-75-605, it is my opinion that the mayor may serve on an advertising and promotion commission as one of the members of the governing body of the city.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh