The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176-8618
Dear Representative Minton:
You have requested an Attorney General opinion in response to the following question:
 What is the effect of Act 1282 of 1999 [House Bill 1935] on persons who have received permits to carry concealed weapons?
Act 1282 of 1999 [House Bill 1935] prohibits the possession of firearms on the property of public and private schools and institutions of higher education, and on school buses and at bus stops. Although the Act states certain defenses to prosecution under the Act, it does not include among those the fact that a person has received a permit to carry a firearm, under the authority of Act 411 of 1995 [A.C.A. § 5-73-301 et seq.].
As an initial matter, it should be noted that Act 411 of 1995, which establishes qualifications and creates a means for obtaining a license to carry a concealed weapon, prohibits even licensed persons from carrying a concealed weapon into "[a]ny school, college, community college, or university campus building or event, unless for the purpose of participating in an authorized firearms-related activity. . . ." A.C.A. §5-73-306(a)(15). Therefore, to the extent that Act 1282 of 1999 prohibits the carrying of firearms into those places, it does not have any impact on or change the law with regard to persons who have received permits to carry concealed weapons.
However, Act 1282 also prohibits the possession of firearms on any of the developed property of public or private schools and institutions of higher education, and on school buses and at bus stops. To this extent, Act 1282 goes beyond the prohibitions stated in Act 411 of 1995, and does create new prohibitions on persons who are licensed to carry concealed weapons.
The question, then, is which of the two laws should take precedence with regard to these new prohibitions.
It is my opinion that Act 1282 of 1999 should take precedence, and that persons who are licensed to carry concealed weapons must abide by its wider prohibitions.
I base this conclusion on the Arkansas Supreme Court's rule of statutory interpretation under which statutes that address the same subject must be construed together and made to stand if they are capable of being reconciled. Reed v. State, 330 Ark. 645, 957 S.W.2d 174 (1997). The court has also held that in determining the intent of the legislature, the two statutes under consideration may be construed by looking to all laws on the subject, viewing them as a single system and giving effect to the system's general purpose. Citizens to Establish a Reform Party inArkansas v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996).
These two rules can be usefully applied to the statutory situation about which you have inquired. Act 1282 of 1999 and Act 411 of 1995 address the same subject. They should be interpreted so that both will stand if possible. In this regard, it should be noted that Act 1282 can be read not as conflicting with Act 411, but rather as simply creating an additional prohibition, while allowing the basic grant of Act 411 to stand. More specifically, Act 1282 does not affect Act 411's basic grant of authority to obtain a license to carry a concealed weapon. Rather, it recognizes that Act 411 places limitations on the right to carry concealed weapons, and simply adds an additional limitation.
The two statutes can also be viewed as being part of a larger system, the purpose of which is to allow licensed persons to carry concealed weapons, generally, but to place certain specific limitations on that right. Together, the two statutes carry out that purpose.
In any event, even if the two Acts were viewed as irreconcilably conflicting with one another to the extent of the extended prohibitions, I would have to conclude that Act 1282 of 1999 should take precedence. The Arkansas Supreme Court has held that where two statutes addressing the same subject conflict, the latter of the two must control. Kyle v.State, 312 Ark. 274, 849 S.W.2d 935 (1993).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh