Willie WELLS III *v.* STATE of ARKANSAS

CR 98-909                                                990 S.W.2d 114

Supreme Court of Arkansas
Opinion delivered May 27, 1999

*Bart Ziegenhorn*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

D ONALD L. CORBIN, Justice. Appellant Willie Wells III appeals the judgment of the Crittenden County Circuit Court revoking his probation and sentencing him to ten years' imprisonment. This case was certified to us from the Arkansas Court of Appeals, as it requires our resolution of conflicting statutes establishing time limits for periods that a defendant may be placed on probation; hence, our jurisdiction is pursuant to Ark.

Sup. Ct. R. 1-2(b)(6). For reversal, Appellant argues that he was illegally sentenced to ten years' probation in violation of Ark. Code Ann. § 16-93-401 (1987) (repealed 1991), which limited sentences of probation to a period not in excess of five years. Thus, he contends that the trial court lacked authority to revoke his probation some nine years after he was sentenced. In contrast to section 16-93-401, Ark. Code Ann. § 5-4-306(a) (Repl. 1997), which was also in effect at the time Appellant was sentenced, limited the period of probation to the maximum jail or prison sentence allowable for the offense charged. We conclude that section 16-93-401 controls, and we reverse.

A brief history of the relevant statutory provisions is helpful to an understanding of the issue presented. In 1973, the General Assembly passed Act 818, establishing Ark. Stat. Ann. § 43-2331. Act 818 specifically provided that "[t]he period of probation, together with any extension thereof, shall not exceed five (5) years." Two years later, the legislature passed Act 280 of 1975, which adopted the Arkansas Criminal Code, effective January 1, 1976. Section 1205 of Act 280, later codified at Ark. Stat. Ann. § 41-1205, also provided that the period of probation for committing a felony shall be for a definite period of time, not to exceed five years. Thus, as of January 1, 1976, both sections 41-1205 and 43-2331 limited terms of probation to a maximum of five years. In 1977, however, the legislature passed Act 772, amending section 41-1205 to reflect that the period of probation "shall be for a definite period of time not to exceed the maximum jail or prison sentence allowable for the offense charged." Thus, with the 1977 amendment of section 41-1205, a conflict arose between it and section 43-2331.

In 1980, this court decided the case of *Culpepper v. State*, 268 Ark. 263, 595 S.W.2d 220 (1980), which held that section 43-2331 was impliedly repealed by the sentencing provisions of the Criminal Code, insofar as it conflicted with those provisions, specifically as it authorized trial courts to suspend execution of a sentence, as opposed to imposition of a sentence. One year later, the legislature passed Act 620 of 1981, amending section 43-2331 to prohibit courts from suspending execution of a defendant's sentence; however, the legislature retained the provision that limited

the period of probation to five years. With the passage of the current Arkansas Code Annotated in 1987, section 43-2331 was codified as section 16-93-401, and section 41-1205 was codified as section 5-4-306. Finally, in Act 586 of 1991, the General Assembly repealed altogether section 16-93-401.

The record in this case reflects that on April 3, 1989, Appellant pled guilty to the offense of possession of a controlled substance with intent to deliver it and was sentenced to ten years' probation. At that time, both sections 5-4-306 and 16-93-401 were in effect. The trial court revoked Appellant's probation on February 26, 1998, nearly nine years later. Appellant argues that his sentence was illegal because he was given more than five years' probation, in violation of section 16-93-401. We agree.

■ ■ It is well settled that statutes relating to the same subject should be read in a harmonious manner if possible. *Johnson v. State*, 331 Ark. 421, 961 S.W.2d 764 (1998); *Reed v. State*, 330 Ark. 645, 957 S.W.2d 174 (1997). All legislative acts relating to the same subject are said to be *in pari materia* and must be construed together and made to stand if they are capable of being reconciled. *Id.* In construing two acts on the same subject, we first must presume that when the General Assembly passed the later act, it was well aware of the prior act and did not intend to pass an act without purpose. *Id.* Furthermore, the General Assembly is presumed to have enacted a law with the full knowledge of court decisions on the subject and with reference to those decisions. *Id.* Thus, where two legislative acts relating to the same subject are in conflict with each other, the later act controls. *Kyle v. State*, 312 Ark. 274, 849 S.W.2d 935 (1993).

■ Here, the legislature was obviously aware of this court's decision in *Culpepper*, 268 Ark. 263, 595 S.W.2d 220, when it reenacted section 43-2331 in 1981, as the section was changed to reflect that trial courts no longer had authority to suspend the execution of sentences. Thus, we may presume without hesitation that when the legislature reenacted section 43-2331 with the five-year limitation on periods of probation, it was well aware of the *Culpepper* decision and the existence of the conflicting provision

contained in the Criminal Code. Indeed, the 1988 Supplementary Commentary to section 5-4-306 reflects this awareness:

> Act 620 of 1981 readopted § 43-2331 [§ 16-93-401], which provides that the "period of probation, together with any extension thereof shall not exceed five (5) years." Since Act 620 had a clause repealing all conflicting laws and parts thereof, the five year limit on probations has apparently been reinstated.

We view this commentary as highly persuasive. *See Kyle,* 312 Ark. 274, 849 S.W.2d 935.

■ ■ Based on the foregoing sequence of legislative enactments, we conclude that section 16-93-401 controls Appellant's 1989 probation. Under that section, the trial court lacked authority to place a defendant on probation for a period of time in excess of five years. Appellant was thus illegally sentenced to a term of ten years' probation. Because the trial court had no authority to place Appellant on probation for more than five years, it correspondingly had no authority to revoke his probation and sentence him to imprisonment some nine years later. Accordingly, we must reverse and dismiss the judgment of revocation.

GLAZE and SMITH, JJ., dissent.

TOM GLAZE, Justice, dissenting. Because I believe that appellant Willie Wells is procedurally barred from challenging his purported illegal sentence entered on April 3, 1989, I dissent. In summary, Wells never directly attacked his original sentence giving him a ten-year probationary period, nor has he ever filed for postconviction relief under Rule 37 of the Rules of Criminal Procedure, Ark. Code Ann. § 16-90-111(a) (1997), or by petition for writ of habeas corpus. *See Renshaw v. Norris,* 337 Ark. 494, 989 S.W.2d 515 (1999) (GLAZE, J., concurring in part, dissenting in part) (while agreeing with the majority that trial court erred in refusing to reduce sentence under Ark. Code Ann. § 16-90-111(a) (1987), rejected holding that a writ of habeas corpus was proper method to correct the error). Instead, Wells brings this appeal from a revocation proceeding related to the 1989 ten-year probation, and for the first time, challenges the trial court's jurisdiction to revoke his probationary sentence. Apparently, it no longer matters to this court what procedure a defend-

ant must follow to question the legality of his or her sentence. The majority opinion was wrong in *Renshaw* and continues to add to its error by its decision today. The trial court's decision should be affirmed.

SMITH, J., joins this dissent.