The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72032
Dear Senator Baker:
I am writing in response to your request for my opinion on the following question:
 Pursuant to provisions of ACA 20-22-901(b)(1), volunteer fire departments are entitled to recover, from nonmember property owners, the reasonable fair market value of services rendered when responding to an uncontrolled fire or 911 call. When volunteer fire departments are responding to such calls and sustain damage or loss of fire department property, can the department also recover the fair market value of replacing such property?
RESPONSE
Assuming, as your question implies, that the volunteer fire department has responded to the fire in accordance with its statutory authority, the department will be entitled to recover the "fair market value of the services rendered." A.C.A. § 20-22-901. Unfortunately, neither the Code nor case law provides a formula for determining this amount. Accordingly, I cannot opine whether the calculation would include the full cost of damage to or loss of equipment.
Section 20-22-901 of the Arkansas Code (Repl. 2000) provides in pertinent part:
 (a)(1) Upon receipt of a report of an uncontrolled fire or a 911 or other emergency call reporting a fire, it shall be the duty of volunteer fire departments operating within the State of Arkansas to respond to, attempt to control, and put out all fires occurring within their respective districts involving any real or personal property, whether that property is owned by members or by nonmembers of the fire district.
 (2) However, unless a fire is in violation of a county-wide fire ban or as may be otherwise provided in an agreement between a nonmember owner of forested lands, cut-over lands, brush lands, or grasslands and a volunteer fire department, the volunteer fire department shall have no duty or authority to respond to or attempt to control and put out any fire which occurs on forest lands owned by a nonmember and which does not pose an immediate threat to life or to the real or personal property of a person or entity other than the owner of the land on which the fire occurs.
In the enclosed Ark. Op. Att'y Gen. No. 2001-257, I interpreted this statutory excerpt as follows:
 Subsection (a)(1) of this statute imposes upon a volunteer fire department a general duty to fight any uncontrolled fire on real estate within its district regardless of whether the owner of the realty is a district member. However, absent an express prior agreement to the contrary, subsection (a)(2) not only relieves the department of this duty but expressly forbids the department to fight the fire under the following circumstances: (1) if the fire "occurs on forest lands owned by a nonmember"; (2) if the fire does not immediately threaten either life or property of a person or entity other than the property owner; and (3) if no county-wide burn ban is in effect.
(Footnote omitted.)
As I interpret your question, your are concerned about a volunteer fire department's entitlement to reimbursement for damages incurred to its equipment in the course of responding to a fire in compliance with the above referenced statute. As your question reflects, the fire department's entitlement to recovery is controlled by A.C.A. §20-22-901(b)(1), which provides:
 In the event that the property is owned by a nonmember of the fire district, then the volunteer fire department shall be entitled to recover from the nonmember property owner the reasonable value of its services not to exceed the fair market value of the services rendered.
At issue is whether the phrase "fair market value of the services rendered" includes the value of fire department property damaged or lost in the course of fighting a fire. As the Arkansas Supreme Court noted inBunch v. State, 344 Ark. 730, 736, 43 S.W.3d 132 (2001), a cardinal rule of statutory construction is to "give effect to the legislature's intent, making use of common sense and giving words their usual and ordinary meaning. Kyle v. State, 312 Ark. 274, 849 S.W.2d 935 (1993)." Regrettably, this rule provides little guidance in this instance, since determining the "fair market value" of volunteer fire department services is in itself problematic. These volunteer organizations are funded by membership dues, which are presumably substantial enough to cover the average annual cost of services. With respect to district members, then, the term "fair market value" would appear to refer to the contractually negotiated dues, regardless of whether the department incurred damage to its equipment in the course of fighting a fire. By contrast, with respect to a nonmember who has elected not to undertake the risk sharing that comes with joining the district, the term would appear to refer to the "fair" costs of fighting the actual fire at issue. However, it remains unclear whether the term further includes case-specific, and presumably unusual, expenses such as damage to equipment.
If I were free to speculate, I would predict that the cost of damage to equipment would be included in the "fair market value" of fighting a specific fire on the property of an individual who had elected not to join the fire district, particularly if the damage were not the result of negligence on the part of the fire department.[1] However, lacking legislative or judicial guidance on this issue, I am unable officially to opine to this effect. Legislative clarification appears warranted.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] Although the case is not directly on point, I should note that inWaggoner v. Troutman Oil Company, Inc., 320 Ark. 56, 894 S.W.2d 913
(1995), the Arkansas Supreme Court adopted the "Fireman's Rule," which precludes even a volunteer firefighter from recovering damages in tort from a property owner for personal injuries sustained in the course of fighting a fire. However, nothing in Waggoner suggests that a property owner is likewise insulated from liability for damage to fire department equipment incurred in the course of fighting a fire. In any event, the enactment of A.C.A. § 20-22-901(b)(1) effectively moots this issue, leaving unresolved only the question of how to determine "fair market value."