Frederick Lee SMITH *v.* STATE of Arkansas

CA CR 02-1201                                    115 S.W.3d 820

Court of Appeals of Arkansas
Division III
Opinion delivered September 3, 2003

*John W. Cone*, for appellant.

*Mike Bebee*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

Terry Crabtree, Judge. This is a probation-revocation case. The appellant, Frederick Lee Smith, challenges the Jefferson County Circuit Court's order revoking his probation. Appellant argues that the circuit court lacked jurisdiction to revoke his probation. We affirm.

On May 1, 1995, appellant pleaded guilty to four counts of residential burglary and four counts of theft of property, alleged to have occurred between May 1, 1992, and November 8, 1993. On June 6, 1995, the circuit court entered a judgment and order of probation, reciting that appellant had pleaded guilty to one count of residential burglary and one count of theft of property for which he had been placed on five years' probation.

The court subsequently amended that order, in an order entered on September 18, 1995, to reflect that appellant's probation was for four counts of burglary and four counts of theft of property. The amended order also recited that a condition of appellant's probation was that he make monthly payments to the Department of Community Punishment, which included payments for court costs, a fine, and restitution to the victims of his offenses. The trial court entered the amended judgment, which corrected various clerical errors and omissions in the original judgment. Each of the revisions was contained in appellant's plea agreement. Appellant has never complained about the entry of the amended judgment. Regardless, a circuit court is allowed to amend a judgment to speak the truth. *See McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999).

On January 20, 1997, the State filed a petition to revoke appellant's probated sentence. The petition alleged that appellant had violated a condition of his probation by failing to make any payments since June 17, 1996. The petition specifically alleged that appellant was delinquent with respect to his restitution payments in the amount of $1,485 and that he owed a total of $2,080 in restitution. On March 11, 1997, the trial court conducted a hearing on the petition and found that appellant violated the conditions of his probation, but chose merely to continue him on probation. However, the court also set the case for a compliance review on June 10, 1997.

Appellant did not appear for what the court deemed to be a revocation hearing on June 10, 1997, and as a result, an alias warrant was issued due to his failure to appear. The court subsequently set that aside on appellant's motion but scheduled a new revocation hearing for January 13, 1998. Appellant again failed to appear at that hearing, so the court entered an order on January 21, 1998, directing the court clerk to issue another alias warrant for appellant's arrest. In an order entered on March 17, 1998, the court continued the hearing on the petition to revoke at appellant's request until April 14, 1998. Another order resetting the hearing at appellant's request until May 12, 1998, also was entered. When appellant failed to appear on May 12, 1998, the court ordered another alias warrant be issued for his arrest. An alias warrant issued for appellant's failure to appear at a revocation hearing was finally served on May 25, 2002. The hearing was then held on July 9, 2002.

At the hearing, appellant's probation officer, Angela Ventress, testified that her office filed a violation report dated January 21, 1998, which alleged that appellant was not reporting to her and not making his payments. She added that "nothing" had changed since that time. Although appellant telephoned changes of address twice in early 1998, he had not physically reported to the probation office since February 6, 1997, and had not had any other contact with the office since May of 1998. He also had not made any payments on his restitution, fines, or costs since making a $25 payment on February 6, 1997, leaving a total outstanding balance of $2,615. Appellant, who was unemployed all but one week since 1997, did not deny that he had failed to report and failed to make payments. He blamed these failures on his past stupidity and immaturity. At the end of the hearing, the court concluded that appellant had not reported or made his payments and revoked his probation, sentencing him to six years' imprisonment on each count, to run concurrently.

We note that the January 21, 1998 violation report does not appear in the record. Only the original petition to revoke, stemming from a January 15, 1997 violation report, is contained in the record. Appellant has never complained that an appropriate petition to revoke was not filed or that he did not have notice of the grounds alleged for revocation.

On appeal, appellant argues that the circuit court lacked jurisdiction to revoke his probation under Ark. Code Ann. § 5-4-309(e) (1987) & (Repl. 1993) and *Carter v. State*, 350 Ark. 229, 85 S.W.3d 914 (2002). Specifically, he claims that the court lacked jurisdiction because he was not arrested for a probation violation and a warrant for his arrest for a probation violation was not issued prior to the expiration of the probation period in 2000. An appellant can raise such a jurisdictional argument for the first time on appeal. *See Alexander v. State*, 78 Ark. App. 56, 77 S.W.3d 544 (2002).

In making our review of appellant's jurisdictional argument, appellant directs us to Arkansas Code Annotated § 5-4-309(e), which states:

> The court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation, provided the defendant is arrested for violation of suspension or probation, or a

warrant is issued for his arrest for violation of suspension or probation, before expiration of the period.

In *Carter, supra,* our state supreme court held that an alias bench warrant issued for a defendant does not meet the statutory requirements of Ark. Code Ann. § 5-4-309(e) because the warrant was not issued for arrest due to violation of probation. In this case, appellant was not arrested before his probation expired in 2000, and the trial court failed to issue a timely warrant for his arrest for violation of probation. The trial court only issued alias warrants. An alias warrant for failure to appear is insufficient to preserve a circuit court's jurisdiction to revoke probation under Ark. Code Ann. § 5-4-309(e). *See Carter, supra.*

■ However, in this instance Arkansas Code Annotated § 5-4-303(h)(2) (Supp. 2001) gave the circuit court jurisdiction to revoke appellant's probation. It provides:

> If the court has suspended the imposition of sentence or placed a defendant on probation conditioned upon his making restitution or reparation and the defendant has not satisfactorily made all his payments when the probation period has ended, the court shall have the authority to continue to assert its jurisdiction over the recalcitrant defendant and extend the probation period as it deems necessary or revoke the defendant's suspended sentence.[1]

Our state supreme court interpreted this statutory language in *Kyle v. State,* 312 Ark. 274, 849 S.W.2d 935 (1993), stating, "Pursuant to Ark. Code Ann. 5-4-303(f) [currently § 5-4-303(h)(2)], the trial court retains jurisdiction until the full amount of restitution is paid, even beyond the period originally allowed." *Id.* at 278, 849 S.W.2d at 938. In that case, our supreme court held that the provisions of what is now Ark. Code Ann. § 5-4-303(h)(2) control over Ark. Code Ann. § 5-4-309(e), which provides that probation can be revoked after the period of probation is expired if the defendant is arrested or a warrant for the defendant's arrest is issued before the end of the probationary period. The supreme court reasoned that Ark. Code Ann. § 5-4-

---

[1] This subsection was formerly part of subsection (f). *See* Ark. Code Ann. § 5-4-303(f) (1987); Act 1569 of 1999.

303(h)(2) governs because it was adopted by the legislature after Ark. Code Ann. § 5-4-309(e).

Here, appellant's probation was conditioned upon his making restitution, and he did not satisfactorily make all of his payments by the end of the probation period, which expired on June 6, 2000. Therefore, the trial court continued to exercise jurisdiction over appellant as he owed $2,615 in restitution and fines. *See* Ark. Code Ann. § 5-4-303(h)(2); *Kyle, supra* (extending probation after expiration of period as Kyle still owed restitution). On July 9, 2002, the trial court held a probation-revocation hearing and revoked appellant's probation. Based upon Ark. Code Ann. § 5-4-303(h)(2) and *Kyle, supra*, we conclude that the circuit court had jurisdiction over appellant to not only extend his probation but also to revoke it.

We affirm.

STROUD, C.J., and NEAL, J., agree.