Ms. Cathyrn E. Hinshaw Executive Director Arkansas Fire and Police Pension Review Board Post Office Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on the following two questions:
 1. Is a firefighter receiving disability retirement under the provisions of A.C.A. § 24-11-819(a)(2)(B)(i) entitled to return of his contributions to the pension fund in addition to his disability retirement benefits?
 2. In light of A.C.A. § 24-11-814 and Act 644 of 1995, if a firefighter is receiving disability retirement benefits as outlined in question (1) above, can a chancery court direct a city to withhold part of those benefits and pay them to the firefighter's former spouse as part of a divorce settlement?
In my opinion, the answer to your first question is "no." Arkansas Code Annotated § 24-11-819(a)(1) (Repl. 1992) provides that a disabled firefighter "may be retired" if, among other things, a physician reports that the firefighter, due to his disability, "should be retired." [Emphases added.] The cessation of employment and receipt of benefits under A.C.A. § 24-11-819 is, therefore, a form of retirement under the statutes governing firemen's pension and relief funds, codified at A.C.A. §§ 24-11-801 to -830 (Repl. 1992 and Supp. 1993), as amended by Acts 514, 554, 615, 1266, and 1290 of 1995. The statutes governing the funds provide for a return of contributions only in the event of "resignation or discharge." A.C.A. § 24-11-816 (Repl. 1992). Interpreting this section just as it reads, giving the words used their ordinary and accepted meanings, McCoy v. Walker, 317 Ark. 86, 876 S.W.2d 252 (1994), I conclude that "retirement" is not the equivalent of "resignation" or "discharge," and thus that a firefighter receiving benefits under A.C.A. § 24-11-819(a)(2)(B)(i) is not entitled to the return of his contributions to the pension fund. See Daley v. City of Little Rock,319 Ark. 440, 892 S.W.2d 254 (1995), characterizing the receipt of benefits under A.C.A. § 24-11-819 as a form of retirement and affirming the trial court's denial of benefits and order requiring the return of a former firefighter's contributions.
Arkansas Code Annotated § 9-18-102 was enacted by Act 1143 of 1993. Act 644 of 1995 amended that code section to read as follows:
 Notwithstanding §§ 24-3-212 and 24-7-715 or any other laws of Arkansas limiting the application of legal process to any retirement plans, the chancery courts of Arkansas are empowered to enter qualified domestic relations orders to reach any and all retirement annuities and benefits of any retirement plan. The qualified domestic relations order of the chancery court is authorized to specify a designated percent of a fractional interest on any retirement benefit payment may be paid to an alternate payee.
Act 644 added the second sentence.
Arkansas Code Annotated § 24-11-814 provides:
 (a) Either before or after its order of disbursement by the board to disabled members of the fire department, or to the widow, guardian of any minor children, or dependent parent of the deceased or retired member of the department, no portion of the pension fund shall be held, seized, taken, subjected to, or detained, or levied on by virtue of any attachment, garnishment, execution, injunction, or other order or decree, or any process or proceeding whatever, issued out of or by any court of this state, for the payment or satisfaction, in whole or part, of any debt, damages, claim, demand, or judgment against a member, his widow, the guardian of his minor children, or the dependent parent of any deceased member; nor shall the fund or any claim thereto be directly or indirectly assigned or transferred, and any attempt to so assign or transfer shall be void.
 (b) The fund shall be sacredly held, kept, and distributed for the purpose of pensioning the persons named in this act and for no other purpose whatever.
Arkansas Code Annotated § 24-11-814 was enacted as a part of Act 491 of 1921.
Arkansas Code Annotated § 9-18-101(5) (Repl. 1993) defines "retirement plan" to mean "any retirement plan, private or public, including . . . [any] state-supported alternate retirement systems." Firemen's pension and relief funds are supported in part by state insurance premium taxes, A.C.A. § 24-11-809 (as amended by Act 1266 of 1995), and, in my opinion, benefits paid under A.C.A. § 24-11-819(a)(2)(B)(i) are benefits under a "retirement plan" within the definition set forth above.
Arkansas Code Annotated § 9-18-101(2) defines "domestic relations order" to mean:
 any judgment, decree, or order, including approval of a property settlement agreement, which relates to the provisions for child support, alimony payment, or marital property rights to spouse, former spouse, child, or other dependents of a participant under Arkansas law.
Arkansas Code Annotated § 9-18-101(3) defines "qualified domestic relations order" as a domestic relations order:
 (A) Which creates or recognizes the existence of an alternative payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant's retirement plan; and
 (B) Which clearly specifies the name and last known mailing address, if any, of the participant and the name and mailing address of each alternate payee covered by the order, the amount or percentage of the participant's benefits to be paid by the plan to each alternate payee or the manner in which the amount or percentage is determined, the number of payments or period of time to which the order applies, and each retirement plan to which the order applies; and
 (C) Which does not require the retirement plan to provide any type or form of benefit, or pay options not otherwise available under the plan, does not require the plan to provide increased benefits, and does not require the payment of benefits to an alternate payee which are required to be paid to another alternate payee under another order previously determined to be a qualified domestic relations order.
In my opinion, A.C.A. § 9-18-102 permits a chancery court to enter a qualified domestic relations order that directs the board of trustees of a firemen's pension and relief fund to pay, to a firefighter's former spouse as part of a property settlement agreement or other matter set forth in A.C.A. § 9-18-101(3) in connection with a divorce, all or a portion of the benefits otherwise payable under A.C.A. §24-11-819(a)(2)(B)(i). I reach this conclusion because A.C.A. § 9-18-102
expressly provides that chancery courts may enter qualified domestic relations orders to reach "any and all . . . benefits of any retirement plan" "[n]otwithstanding . . . any other laws of Arkansas limiting the application of legal process to any retirement plans. . . ." In my view, A.C.A. § 24-11-814 is a law limiting the application of legal process to benefits under a firefighter's pension and relief fund and, under the express terms of A.C.A. § 9-18-102, it must be disregarded with respect to qualified domestic relations orders. My conclusion is also supported by the fact that A.C.A. § 9-18-102, both as originally enacted and as amended by Act 644 of 1995, was enacted later than was A.C.A. §24-11-814. Where two legislative acts relating to the same subject matter are in conflict, the later act controls. Kyle v. State, 312 Ark. 274,849 S.W.2d 935 (1993).
Whether a particular judgment, decree, or order of a chancery court is a "qualified domestic relations order" must, of course, be determined on a case-by-case basis, and the question might properly be raised on appeal in an appropriate case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh