The Honorable Mike Patterson State Representative Post Office Box 283 Piggott, Arkansas 72454-0283
Dear Representative Patterson:
I am writing in response to your request for an opinion regarding election methods for resulting school districts[1] underAct 60 of 2003
(2nd Ex. Sess.) ("Act 60"). You note that the Biggers-Reyno School District was consolidated with the Corning School District pursuant to Act 60, [2] which "required zoned elections of school board members" in the resulting district. With that in mind, you ask the following questions:
 1. Under what conditions may a school district that was required to go to zoned board elections based solely on Act 60 of 2003, return to at-large board elections?
 2. If such a change as is contemplated in question 1 is possible, when would the change back to at-large elections become effective?
 3. Is it possible for a school district that elects all school board members from single member zones to convert to a combination of single member zones and at-large positions? *Page 2 
 4. Is it possible for a school district to convert from electing board members from multiple zones with substantially equal population to a system of electing school board members from only two zones, one for each of the original districts, and having as boundaries the former district lines?
RESPONSE
Your first and second questions are governed by A.C.A. § 6-13-1413
(Supp. 2007), which prescribes detailed procedures for resulting districts wanting to return to at-large board elections. In my opinion, the answer to your third and forth questions is "no." There is no mechanism by which resulting districts can move directly from single-member zones to either a combination of at-large and zoned positions or the system you describe in question four. But after resulting districts complete the transition to all at-large positions, it is unclear whether they can move to some combination of at-large and zoned positions, or the system you describe in question four. Legislative clarification on this score is indicated.
Question 1: Under what conditions may a school district that wasrequired to go to zoned board elections based solely on Act 60 of 2003,return to at-large board elections?
Act 274 of 2005, which is codified at A.C.A. § 6-13-1413 (Supp. 2007), [3] explains the process by which resulting districts can return to at-large elections. Because several Acts establish different terms procedures for school districts affected by Act 60, I will confine my answer to situation faced by the resulting school district about which you asked: the Corning School District.
The answer to your question lies at the intersection of three Arkansas acts: Act 60; Act 1125 of 2001; and Act 274 of 2005. As you mention, Act 60 required the Biggers-Reyno and Corning school districts to consolidate with each other. To determine how resulting districts' boards of directors are governed, Act 60 directs us to Act 1225.[4]
Act 1225 required resulting districts to elect the members of its *Page 3 
board of directors "from single member zones of substantially equal population . . . and from which racial minorities may be represented on the board of directors in proportions reflected in the school district as a whole." A.C.A. § 6-13-1406(b)(3). But Act 274 trumps Act 1125 for three reasons. First, Act 274 contains the following preemptive language: "[n]otwithstanding any other provision of law. . . ." A.C.A. § 6-13-1413(g)(1). Second, because Act 274 is the later of the two, it controls. See, e.g., Kyle v. State, 312 Ark. 274, 849 S.W.2d 935 (1993). Third, Act 274 is the more specific statute. See, e.g., Donoho v.Donoho, 318 Ark. 637, 639, 887 S.W.2d 290, 292 (1994) (holding "a general statute does not apply when there is a specific statute covering a particular subject matter.") Therefore, with the above limitations in mind, Act 274 governs resulting districts' boards of directors.
Act 274 explains how school districts that consolidated before January 1, 2005 can move from single-zone elections to at-large elections. Subsection 6-13-1413(g)(1) details the prerequisites resulting districts must meet before returning to at-large elections:
 (g)(1) . . . school districts that consolidated before January 1, 2005, under Acts 2003 (2nd Ex. Sess.), No. 60, may by majority vote of the board of directors opt to return to at-large elections if the school district:
 (A) Was required to establish single-member election zones solely because of the requirements of Acts 2003 (2nd Ex. Sess.), No. 60;
 (B) Is not or was not required to establish single-member election zones by any state law other than Acts 2003 (2nd Ex. Sess.), No. 60; and
 (C) Is not or was not required to have single-member election zones to comply with the federal Voting Rights Act of 1965, as in effect on January 1, 2005.
Ultimately, as the resulting district, the Corning School District's ability to return to at-large elections depends on whether it meets subsection (g)(1)'s requirements. If the new Corning School District meets these three tests, and agrees (by majority vote) *Page 4 
that the school should move to an at-large election system, then the district must follow the transition procedures set out in subsection 6-13-1413(g)(2):
 Any school district opting to return to at-large elections as allowed under this section shall return to an at-large election over a period of time as each individual member's position comes up for election based on the staggered term of office for each board position as established by the local board of directors.
 Question 2: If such a change as is contemplated in question 1 ispossible, when would the change back to at-large elections becomeeffective?
As explained above, subsection 6-13-1413(g)(2) governs resulting districts' transition from single-member zone elections to at-large elections. Because subsection (g)(2) ties the at-large elections to the date individual directors' terms expire, I cannot tell you the exact date each board member will be elected under the at-large system. The "effective date" is more of a phase or process that begins when the board of directors adopts the resolution, and ends at the conclusion of the term of the board member who was last elected under the zone system.
Question 3: Is it possible for a school district that elects all schoolboard members from single member zones to convert to a combination ofsingle member zones and at-large positions?
Keeping in mind my earlier note that my answers are limited to resulting districts, I believe the answer is "no." No statute permits resulting districts to move directly from single-member zones to an election system that combines at-large positions and single-member zones. Instead, resulting districts can only move from single-zone elections to at-large elections.
After achieving a complete at-large system, it is unclear whether districts can then move to some combination of at-large and zoned. One statute permits the board of directors "of any school district" to move to a combination of at-large and zoned positions. A.C.A. § 6-13-630(a). But § 6-13-1413, which governs elections of resulting districts' school boards, trumps § 6-13-630(a) with the following language: "[n]otwithstanding any other provision of law. . . ." A.C.A. § 6-13-1413(g)(1). This phrase encompasses § 6-13-630, which means that — with respect to resulting districts — no statute permits resulting districts to move from all atlarge *Page 5 
positions directly to some combination of zoned and at-large elections. The statutes are unclear about what election options, if any, resulting districts have after the complete the transition to a complete at-large system under § 6-13-1413. Accordingly, this issue warrants legislative clarification.
Question 4: Is it possible for a school district to convert fromelecting board members from multiple zones with substantially equalpopulation to a system of electing school board members from only twozones, one for each of the original districts, and having as boundariesthe former district lines?
For the reasons I explained in my response to question three, I believe the answer is "no." Under § 6-13-1413, the only election transition allowed is from single-member zones to all at-large positions. Thus, the issue becomes — as explained in response three — whether resulting districts may transition to other election systems after they complete § 6-13-1413's transition to at-large elections. The statutes are unclear on this point and would benefit from legislative clarification. Because the statutes are not even clear on whether resulting districts can shift from at-large elections to something else, I will not analyze whether districts can shift from at-large districts into the system you describe.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
DM:RO/cyh
[1] Act 60 of 2003 (2nd Ex. Sess.) developed a set of terminology to deal precisely with reorganized school districts. A "resulting district" is the new district created when two or more districts consolidate. A.C.A. § 6-13-1601(6) (Supp. 2007).
[2] The Biggers-Reyno School District and the Corning School District consolidated into the resulting district "Corning School District" on July 1, 2004.
[3] Portions of Act 274 of 2005 are also codified at A.C.A. § 6-13-1412 (Supp. 2007).
[4] See A.C.A. § 6-13-1603(k) (Supp. 2007) ("The provisions of § 6-13-1406 shall govern the board of directors of each resulting. . .school district created under this subchapter."). Act 1225 is currently codified at A.C.A. § 6-13-1406 (Supp. 2007).

 *Page 1