The Honorable John Threet Prosecuting Attorney Fourth Judicial District Washington County Courthouse
280 North College Avenue, Ste. 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
You asked for my opinion on the following question about the scope of the powers vested in the County Judge and/or County Emergency Management Department under A.C.A. §§ 14-75-101 et seq.:
 [C]an county personnel coordinate and direct volunteers to go onto private property to assist citizens in their efforts to clean up debris in the aftermath of a disaster/emergency?
RESPONSE
For purposes of this opinion, I make two assumptions. First, I assume that the citizens you reference in your question do not object to the help. Second, I assume that by referencing "volunteers," you are only asking about the county's ability to assist in clearing debris, not about reimbursement of the county with disaster-relief funds. With these assumptions in mind, in my opinion, Arkansas law empowers County Emergency Management Departments to assist citizens in clearing debris from their private property.
DISCUSSION
Section 12-75-118 of the Arkansas Code requires that each county establish or be served by a local or interjurisdictional office of "emergency management": *Page 2 
 (a)(1) Each political subdivision within this state shall be within the jurisdiction of and served by . . . a local office of emergency management or interjurisdictional office of emergency management.
 (2) A local office of emergency management or interjurisdictional office of emergency management shall be established as a public safety agency of its respective political subdivision . . . and shall be under the direction and control of the appropriate chief executive for the purposes of mitigation of, planning for, response to, and recovery from disaster and major emergency occurrences and for operation of public safety information networks.
 (b)(1) Each county within the state . . . shall establish, fund, and maintain an established local office of emergency management or, as necessary, make arrangements through an interjurisdictional agreement to receive emergency management.[1]
The same statutory scheme, a portion of which was just quoted, defines "emergency management" in such a way that it specifically includes debris clearance:
 (4)(A) "Emergency management" means disaster or emergency preparedness, mitigation, response, recovery, and prevention by state and local governments . . . to prevent, minimize, and repair injury and damage resulting from major emergencies or from disasters. . . .
 (B) These [emergency management] functions include, without limitation:
 * * * (xvi) Debris clearance;[2]
As you can see, the statute is silent on whether the power to clear debris extends to clearing debris on private property. Given the fact that we are required to read *Page 3 
statutes as a whole, [3] we can infer from this particular instance of silence that the legislature intended to empower local offices of emergency management to clear debris from public as well as private lands. This inference is reasonable because the two immediately preceding definitions in this subsection expressly distinguish between private and public spheres: the emergency management functions include "temporary restoration of public
facilities"[4] and "emergency restoration of publicly owned utilities, or privately owned utilities serving the public good."[5] The legislature clearly indicated the scope of the former power only extended to public facilities, whereas the scope of the latter extended to only a limited set of privately owned utilities. Given these clear distinctions, which occur immediately before enumeration of the power to clear debris, it is clear that the legislature had in mind that some of the office's powers do not extend to the private sphere. Therefore, it is reasonable to infer that the legislature intended the lone reference to "debris clearance" to encompass all areas in which debris needed to be cleared, whether that area is public or private.
In conclusion, in my opinion, Arkansas law requires counties to establish, or at least be served by, a local office of emergency management. That office is expressly empowered to clear debris after a disaster is declared. Further, given the context of the relevant statute, the power to clear debris likely extends to assisting citizens clear debris that is located on private property.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] A.C.A. § 12-75-118(a) (Supp. 2009).
[2] A.C.A. §§ 12-75-103(4)(A), (4)(B)(xvi) (Supp. 2009).
[3] See, e.g., Kyle v. State,312 Ark. 274, 849 S.W.2d 935 (1993).
[4] A.C.A. § 12-75-103(4)(B)(xiv) (emphasis added).
[5] A.C.A. § 12-75-103(4)(B)(xv) (emphasis added).